[No. 2,656.]

## GEORGE HEARST *v.* DOMINGO PUJOL.

WHEN TIME IS NOT OF THE ESSENCE OF A CONTRACT.—When a deed contained a provision that the grantee, within one year from its date, should reconvey to the grantor a specified quantity of the land conveyed, to be selected by the grantor, the right to select the land to be reconveyed, and to a reconveyance, is not lost to the grantor by his failure to exercise the right within one year.

CONTRACT TO REDEED PART OF LAND CONVEYED.—When a deed contains a clause that the grantee shall reconvey a portion of the premises to the grantor within one year, to be selected by the grantor, and the grantor then conveys to a third party his interest in the land, the right of the grantor to make the selection and to receive the deed is gone, and passes to the purchaser from him.

CONSTRUCTION OF CONTRACT TO CONVEY LAND.—A contract to convey a tract of land to be so surveyed as to include the dwelling house of the party who is to receive the conveyance, and "also the fields and fenced lands in front of and about said house," does not by its terms include a "corral" on the land out of which the survey is to be made.

ESTOPPEL IN CASE OF CONTRACT TO CONVEY LAND.—Where a party contracts to convey to another a specified quantity of land within one year, to be selected in a square form by the person to whom the conveyance is to be made, and the person who is to make the selection fails within the year to do so, and the other then makes the selection and offers to make the conveyance, which offer is neither accepted nor rejected at the time, but the offer is afterwards accepted and a conveyance demanded, the one who is to make the conveyance cannot object because the selection was not in a square form, or made within one year, or for any other reason.

EQUITY WILL RELIEVE AGAINST MISTAKE.—A Court of equity will set aside a deed made under a mistake as to the rights of the parties.

EXPRESS TRUST.—If A. conveys to B. a tract of land, to be by B. afterwards reconveyed to himself, he thereby creates an express trust, which B. may accept by accepting the deed.

LIMITATION OF ACTION IN CASE OF TRUST.—If A. conveys land to B., with a provision in the deed that B. shall reconvey to him, B. holds the land in trust for A., and the Statute of Limitations does not commence running on A.'s right to a reconveyance until B. repudiates the trust and such repudiation is brought to the knowledge of A.

APPEAL from the District Court of the First Judicial District, County of San Luis Obispo.

The plaintiff appealed.
The other facts are stated in the opinion.

*S. Heydenfeldt,* for Appellant.

*Walter Murray,* for Respondent.

By the Court, BELCHER, J.:

On the 17th of May, 1862, Estrada and wife conveyed to Pujol a tract of land, in San Luis Obispo County, containing three square leagues, and known as the Rancho Santa Rosa. In the conveyance they inserted a proviso in the words:

" Provided always, and these presents are upon this express condition, that within one year from the date hereof, the said party of the second part shall convey to the said parties of the first part, by a good and absolute warranty deed, a portion of the land herein granted, including the site of the present dwelling house of the said parties of the first part and the adjacent grounds; the said portion of land to be of the extent of fifteen hundred acres; to be in square form, to be selected by the said parties of the first part, and to be surveyed under their direction by the County Surveyor of this county, or by some other competent surveyor; and it is hereby declared to be the true intent and meaning of these presents that the conveyance herein last above stipulated is a part and parcel of the consideration of this conveyance."

No reconveyance having been made, on the 14th of April, 1865, Estrada and wife conveyed to the plaintiff all their interest in the rancho, excepting out of and from the conveyance "that part and parcel of said rancho containing one hundred and sixty acres of land in a square form, so laid out as to include the dwelling house and the adjacent buildings on said rancho, and including also the fields and fenced lands in front of and about said house."

The Estradas never selected or caused to be surveyed the lands to be reconveyed to them in pursuance of the proviso contained in their deed to Pujol, nor did they ever select the one hundred and sixty acres reserved in their deed to the plaintiff. At some time, however, prior to the execution of the last named deed, Pujol caused a survey to be made by one Cot of a tract of land containing fifteen hundred acres within the boundaries of the Rancho Santa Rosa, and offered to reconvey the land so surveyed to the Estradas, but they neither accepted or rejected this offer. This survey included the site of the dwelling house occupied by the Estradas in May, 1862, and the adjacent buildings on said rancho, and also all the fields and fenced lands in front of and about said house, except a corral. It was not, however, in precisely a square form, but is found by the Court to have been "as correct mathematically and practically, as such surveys are usually made by competent and professional civil engineers and surveyors."

On the 7th of October, 1867—the date of the commencement of this action—the plaintiff notified Pujol that he would accept the lands embraced in this survey, and he then demanded that it should be conveyed to him in satisfaction of the proviso in the deed of May 17th, 1862, but Pujol then refused to make a deed of that land, or of any land, to the plaintiff.

On the 16th of November, 1868, Pujol, with actual notice of the deed to the plaintiff, executed and delivered to the

Estradas a deed conveying to them fifteen hundred acres of the Rancho Santa Rosa, which he intended and they accepted as a full performance on his part of his agreement to reconvey, contained in the deed of May 17th, 1862. The land conveyed by this last deed included only a small portion of the tract embraced in the " Cot survey."

The case presents two questions:

First—Is the plaintiff entitled to have a conveyance to himself from Pujol of the fifteen hundred acres embraced in the " Cot survey," less the one hundred and sixty acres reserved by the Estradas in their deed to him?

Second—If not so entitled, can he now make the selection of the fifteen hundred acres to be reconveyed, including always the one hundred and sixty acres reserved by the Estradas?

The Court below considered that both questions should be answered in the negative, and thereupon dismissed the plaintiff's action as against Pujol, but adjudged that the Estradas should convey to the plaintiff all the lands conveyed to them by the deed of November 16th, 1868, less "one hundred and sixty acres in a square form, so laid out as to include the dwelling house and adjacent buildings of said defendants, Julian and Nicolasa Estrada, on said rancho, and including, also, the fields and fenced lands in front of and about said dwelling, as the same existed on the 14th day of April, A. D. 1865."

1. We are of the opinion that the right to select the fifteen hundred acres was not lost to the Estradas because they did not exercise the right within one year after the date of their deed to Pujol. Time was not of the essence of the contract to reconvey, and while their right to the reconveyance continued they might at any time make the selection and demand a reconveyance of the land selected. When,

however, they sold to the plaintiff, the right to the recon-veyance, and, as a consequence, the right to make the selec-tion, passed from them to him, and they were no further interested in the matter than that any selection made should include the one hundred and sixty acres reserved to them-selves. It is clear, therefore, that when, in November, 1868, they selected and Pujol conveyed to them the fifteen hun-dred acres, it was in disregard of the plaintiff's rights, and he may, as he does, refuse to be bound by it.

2. We are also of the opinion that the " Cot survey " includes all the land reserved by the Estradas in their deed to the plaintiff. The corral, found by the Court not to be included, is not within the terms " fields and fenced lands in front of and about said. house." They, therefore, cannot. object to it. It was made by Pujol, and the land surveyed was tendered by him in satisfaction of his undertaking to reconvey. It is not easy, therefore, to see how he can object to it on the ground that it varies slightly from a square form, or upon any other ground. The plaintiff, in 1867, offered to accept it, and he asks in his complaint that a conveyance be now made to him in accordance with it.

Under these circumstances no good would be accomplished by sending the case back for the plaintiff to make a new selection. We, therefore, hold that the plaintiff is entitled to a conveyance from Pujol of the land embraced in the " Cot survey," less the one hundred and sixty acres reserved by the Estradas.

If the plaintiff and the Estradas fail to agree as to the particular boundaries of the one hundred and sixty acres, they should be determined by the Court.

As this will necessitate the execution of two deeds by Pujol, the plaintiff should pay the expenses of his own deed.

The deed of the sixteenth of November, from Pujol to the Estradas, having been made under a mistake as to the

rights of the parties, should by the decree of the Court be canceled and set aside.

The judgment is reversed and cause remanded for further proceedings in accordance with this opinion.

The respondent filed a petition for rehearing.

By the Court, BELCHER, J., on petition for rehearing:

The only point made in the petition for rehearing is upon the plea of the Statute of Limitations.

It is claimed that the trust which is sought to be enforced against the defendant was a resulting trust, and barred by the lapse of time before the action was commenced.

We did not particularly notice this defense in our former opinion, for the reason that we did not suppose it was seriously interposed.

The error of counsel is in supposing that the trust was a resulting, and not an express trust. As we understand it: If A. conveys land to B., which, by the terms of the conveyance is to be held in trust and reconveyed to himself, or another, he thereby creates an express trust. (Act concerning fraudulent conveyances, Sec. 6.)

B. must accept the trust, but he may do that by accepting the deed and acting under it in the performance of the trust. (Perry on Trusts, Sec. 260.)

The case supposed differs in no material respect from the case in hand. The Estradas conveyed one thousand five hundred acres of land to Pujol, in trust for themselves, and in their deed directed when, and in what manner, it should be reconveyed, and Pujol accepted the trust. But as between trustee and *cestui que trust*, in the case of an express trust, the Statute of Limitations does not begin to run until the trustee repudiates the trust by clear and unequivocal acts or words, and claims thenceforth to hold the estate as

his own, not subject to any trust, and such repudiation and claim are brought to the knowledge of the *cestui que trust.* (Perry on Trusts, Secs. 863, 864.)

That Pujol had not repudiated the trust, is clear, for in his answer he says, that " until the actual making and delivery to them (the Estradas) of this defendant's deed of the 16th day of November, 1868, this defendant stood ready and willing, and was ready and willing, to make to said Estradas, or to whomsoever else they might assign, their rights in that regard, the conveyance provided in said deed of the 17th of May, 1862, to be made."

Rehearing denied.