## *In re* Stowell and others.   .

(*District Court, N. D. New York.*   July, 1885.)

BANKRUPTCY—COMPOSITION—VESTED RIGHTS—INJUNCTION—LACHES.

> An order in composition proceedings, based upon a resolution passed by the requisite majority of the creditors, cannot deprive a non-consenting creditor of a vested right with which the bankruptcy court has no power otherwise to interfere.

Motion for an Injunction.

On the seventh of June, 1876, the bankrupts above named made an assignment to Samuel W. Perry, pursuant to the statutes of New York, for the benefit of their creditors. The assignee duly qualified and entered upon the duties of his trust. On the twenty-second of August, 1883, Perry died. The petitioners are his executors. On the fourteenth of February, 1878, a year and eight months after the assignment, a voluntary petition in bankruptcy was filed by the Stowells in this court, and on the twenty-seventh of the same month they were adjudicated bankrupts. On the first of April, 1878, the bankrupts submitted a proposition for composition under the bankrupt act, by the terms of which they agreed to pay to their creditors 20 cents on the dollar, upon condition that the creditors would release and discharge whatever right they had in the property theretofore assigned to Perry, and consent that it be restored to the bankrupts. This offer was accepted, and the condition duly agreed to by the requisite majority of creditors. The assignee, and the firm of Fraser, Bell & Loughran, the creditors who oppose this petition, had due notice of all the bankruptcy and composition proceedings; their names, addresses, and indebtedness appearing in the statement produced by the bankrupts at the meeting of creditors, as required by the bankrupt law. On the sixteenth of April, 1879, this court made an order that the resolution accepting the said composition be recorded, and that the statement of assets and debts be filed. Thereafter all the creditors were paid, except Fraser, Bell & Loughran, who declined to receive the 20 cents upon their indebtedness, which was duly tendered them. After the creditors were all paid and the tender made, Perry turned over to the bankrupts all the property and assets which had been assigned to him.

Fraser, Bell & Loughran are now seeking to have the petitioners substituted as the representatives of Perry, for the purpose of compelling them to account for the property received by him under the assignment. On the second of August, 1881, there was entered an order of the county judge of Chemung county, deciding that Perry was excused from rendering a further account, upon the ground that he was justified, after the composition proceedings, in turning over the property in his hands to the bankrupts. Upon an appeal to the general term of the supreme court this order of the county judge was

reversed, and, upon an appeal by the assignee to the court of appeals, that court dismissed the case upon the ground that the order was not appealable. The county judge, therefore, considers it his duty, under the decision of the general term, to proceed with the accounting. The petitioners ask for an order staying the proceedings before the county judge, insisting that many of the facts now presented were not before the general term.

*Gabriel L. Smith* and *Robert H. McClellan*, for petitioners.

*Roswell R. Moss*, for creditors.

Coxe, J. It is not deemed necessary to enter upon an extended discussion of the questions presented by this motion. The opposing views are maintained with great clearness and ability in the conflicting opinions delivered in the state courts. Little additional light, therefore, can be thrown upon the controversy. See *In re Stowell*, 26 Hun, (New York Sup. Ct. R.) 258. At the outset the petitioners are confronted with the proposition that the assignment to Perry was valid. This is the broad foundation upon which the creditors construct their argument. When the petition in bankruptcy was filed, the assignment had been in existence 20 months. It was not preferential. The assignee in bankruptcy could not have attacked it successfully. A bill filed by him for that purpose, the dates appearing, would have been held bad on demurrer. The assignment was unimpeachable. Not only so, but the bankruptcy court had no jurisdiction of the assigned property. This difficulty could not be remedied by a majority of the creditors. They could deal with property and rights within the control of the bankruptcy court. They could, by their voluntary action, release their interests, respectively, in other property, and estop themselves from asserting claims thereto. But the majority could not in this manner trample upon the privileges of the minority. The dissentient creditors here had acquired an equitable interest in the assigned property. The court had no power to deprive them of this right. The other creditors had no such power. They could dispose of their own property, but not *in invitum* of the property of others. These creditors are not bound. They consented to nothing. They ignored the composition proceedings. But it is said that the debt is satisfied, and that all remedies, rights and privileges incident thereto perish with it. Undoubtedly the debt is discharged so far as the debtors are concerned. The creditors can no longer pursue the bankrupts personally, but the right to demand that the property set aside for their benefit shall be applied for that purpose is by no means relinquished.

The simple question, then, is, does an order in composition proceedings, based upon a resolution passed by the requisite majority of the creditors, deprive a non-consenting creditor of a vested right with which the bankruptcy court has no power otherwise to interfere? I am constrained to answer this question in the negative.

The petitioners further contend that these creditors are estopped by

their own laches.  They had, it is said, full notice of the composition proceedings.  They knew, or could have known, of each successive step as it was taken, yet they made no sign.  No objection was interposed, no suggestion made to the court, no warning given to the assignee.  They stood by and saw the composition resolution carried out in good faith by the court, the bankrupts, the assignee, and the other creditors without dissent, and cannot now be permitted to set in motion machinery calculated to give them an unfair advantage, and affect injuriously the rights of innocent parties.  This is the argument.  It is certainly persuasive, and would, quite likely, be controlling, were it not that the question, being jurisdictional in character, cannot be affected by the mere inertness and the silence of the creditors; and further, an examination of the papers discloses the fact that the proceedings in the county court were commenced only four days after the petition in bankruptcy was filed.  At the date of the final order in composition, at the very time the assignee delivered back the property to the bankrupts, a motion was pending, at the instance of Fraser, Bell & Loughran, to compel him to account, and to punish him for contempt in not having accounted before.  He had, then, direct and positive notice of the position of these creditors, and cannot now be heard to say that he was entrapped, or that he proceeded in ignorance of their hostile attitude towards him.  He was perfectly aware of the situation, acted with full knowledge, and, knowing what risk he ran, concluded to assume it.

It would, in such circumstances, be an arbitrary assumption of power to permit the summary writ of injunction (which should never issue in a doubtful case) to go out against creditors who have a decision of the supreme court of New York in their favor, and thus, in effect, restrain a state tribunal which has had jurisdiction of the controversy for more than seven years, and which is fully competent to to protect the rights of all parties concerned.

The motion must therefore be denied.