[No. 8585.]

STEWART-NOBLE DRUG CO. v. BISHOP-BABCOCK-BECKER CO.

1. BANKRUPTCY—*Filing Secured Claim—Effect.* Filing a secured claim in the bankruptcy court is no waiver of the creditor's lien. It confers on that court no control of the security, or its enforcement. (198.)

The creditor is not estopped to assert his claim and enforce his lien in the state court. (199, 200.)

2. ——*What Discharges the Lien?* Neither the sale of the bankrupt's property, nor his discharge in bankruptcy, nor his composition with his creditors—the secured creditor not taking part. (200, 201.)

*Error to Lake District Court.* Hon. CHAS. CAVENDER, Judge.

*Department.*

Messrs. HOGAN & BONNER, for plaintiff in error.

Messrs. ROGERS, ELLIS & JOHNSON, and ERL H. ELLIS, for defendant in error.

Opinion by Mr. JUSTICE TELLER.

The defendant in error sold to one Murphy a soda fountain, on which it took a chattel mortgage to secure the purchase price. Murphy thereafter became a bankrupt, and later made a composition with his creditors. Pending such composition, he sold his interest in the mortgaged property to one Hogan, who transferred his interest in it to the plaintiff in error.

The action was in replevin by the mortgagee to recover the property.

The court found that the defendant in error filed a secured claim in the bankruptcy court, setting forth the notes and mortgage; that thereafter the referee filed a list of the claims proved, and in that list included the defendant in error as a common creditor; that a composition was offered and confirmed, a dividend declared, and the proportionate amount tendered to defendant in error, and declined.

It was stipulated that the listing of the claim as a common claim was a mistake.

The court held that the claimant was not bound to take notice of any action in the federal court, except as to any surplus to which it might be entitled, as for a deficiency on sale of the security.

Judgment was accordingly entered for the plaintiff, who is defendant in error here.

It is conceded by the plaintiff in error that neither the bankruptcy court nor the trustee took title to the interest belonging to the lien claimant, but it is contended that it waived its lien.

It is clear that it did not do it by the filing of the claim as a secured claim, though it appears to be assumed that it did so. Counsel contend that when defendant in error filed its claim, it made an election, which barred it from an action in the state court.

The filing of secured claims is provided for by the statute, and they are allowed only as to such deficiency as may exist after the security has been exhausted. The filing of this secured claim had no bearing on the right of action to enforce the lien.

It is further urged that if defendant in error was dissatisfied with the action of the bankruptcy court, it should have taken steps to secure relief in that court; and that, not having done so, it is estopped from action elsewhere. This is based upon the proposition that the federal court, having first obtained jurisdiction, retains it throughout all subsequent proceedings. No fault can be found with that statement as a proposition of law; but it does not apply in this case. The filing of a secured claim, as above stated, is for the purpose of obtaining the right on the part of the claimant to share in dividends to the extent that the security does not pay his claim; in other words, for any deficiency on sale of the security. It submits to the bankruptcy court nothing whatever con-

cerning the enforcement of the lien, and, of course, that court obtains no jurisdiction as to it.

"To the extent of the value of the security held, the indebtedness of the bankrupt to the secured creditor is not a claim against the bankrupt's estate. The lien existing segregates the security to that extent from the estate, and the adjudication in bankruptcy in no wise affects it."—*Hawthorne v. Hendrie,* 50 Colo. 342, 116 Pac. 122.

The filing of the claim is for another and wholly different purpose, and that fact is overlooked in counsel's argument on this point.

There was, then, no election of remedies, and an action to enforce the lien is not barred.

The case of *Lesser v. Gray,* 236 U. S. 70, 35 Sup. Ct. 227, 59 L. Ed. 471, on which counsel rely, is not in point. Lesser had a contract for the delivery of goods, from time to time, to a firm which subsequently was adjudicated a bankrupt. At that time about one-third of the goods had been delivered. A year later, Lesser presented a claim against the estate, for an alleged loss, because of the non-acceptance of the balance of the goods. The claim was disallowed, on the ground that Lesser's contract was terminated by the involuntary bankruptcy proceeding. Lesser then brought suit in the state court, and it was of this state of facts which the court spoke in the quotation set forth in the brief. There was no question of the effect of filing a secured claim for the court to consider, and the language quoted has no bearing upon this case.

It is said, however, that the defendant in error is estopped to claim the benefit of the lien, and although we are not definitely advised on what ground an estoppel is supposed to be based, we deem it proper to consider it.

From counsel's argument we gather that their positions is that the defendant in error was bound to follow the proceedings in bankruptcy, and, if aggrieved by anything therein, to have his grievance considered in that court; and failing to do so, he cannot complain of the mistake.

We do not find here the elements of estoppel.

The basis of estoppel by conduct is an act or omission "animated by a fraudulent purpose or resulting in injustice."—*Hagerman v. Mutual Life Ins. Co.,* 45 Colo. 459, 103 Pac. 276.

There is no claim here of fraudulent conduct, but only of injustice. In what does the injustice consist? The plaintiff in error claims the benefit of the bankruptcy proceedings as having not only cancelled the debt as against the debtor, but as discharging the lien. The plaintiff in error must have relied on the discharge, and have been justified in so doing, if its right to an estoppel is to be sustained. The record of the mortgage was notice to the plaintiff in error, and it is not apparent how it could rely on the discharge in bankruptcy as a discharge of a secured claim without ascertaining that there was a valid discharge of it. In other words, plaintiff in error was as much under obligation to know what had been done in the bankruptcy court, as was the defendant in error. It was presumed to know that a secured claim is not discharged as a matter of course, though it is filed, and should have ascertained from the record that its listing as a common claim was a mistake.

Knowing that defendant in error had a secured claim, the plaintiff in error had no right to rely upon the composition as a discharge of the lien when it could only be so, if at all, because of a listing which was plainly a mistake.

Neither a sale of the bankrupt's property in the bankruptcy proceedings, nor a discharge in bankruptcy

affects a lien of a secured claim, although proved in the proceedings. *Basset v. Thackara,* 72 N. J. L. 81, 60 Atl. 39.

A composition with creditors is likewise ineffectual to destroy a lien claim of a creditor not taking part in the composition. *In re Stowell,* 24 Fed. 468.

Unless it clearly appears that the state court has no jurisdiction, it ought not to be so held; and in this case we find nothing which would justify us in so holding. The judgment of the trial court is correct, and is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concur.