[S. F. No. 7915.   Department One.—February 11, 1918.]

# HENRY T. GRIFFIN, Respondent, v. F. M. SMITH, Appellant.

PLEDGE—FORECLOSURE AND SALE—BANKRUPTCY.—An agreement for the pledging of personal property, made more than four months before the filing of a petition in bankruptcy against the pledgor, and giving the pledgee, on default in payment of a note for which the pledge was given as security, the right to sell at public or private sale, with or without notice to the pledgor, is valid, and the right to sell and apply the proceeds to the payment of the debt is not affected by the bankruptcy proceedings.

ID.—FORECLOSURE BY ACTION—JURISDICTION OF STATE COURT.—The jurisdiction of the state court to entertain an action to foreclose such a pledge and sell the pledgor's right of redemption was not ousted by the filing of the petition in bankruptcy.

ID.—STAY OF PROCEEDINGS—NO CAUSE SHOWN.—In such an action an answer which was, in effect, that a substantial surplus above the plaintiff's claim might be realized if the sale were postponed shows no case, either calling for the intervention of the bankruptcy court to stay the proceedings, or calling on the state court itself to grant a stay, since the pledgee had a matured and present right to realize on the security, and the pledgor was not justified in asking that the exercise of this right be deferred indefinitely to await a purely problematical increase in the price which might be realized at a sale.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Donahue, Judge.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro, for Appellant.

St. Sure & Rose, for Respondent.

SLOSS, J.—On June 12, 1912, the defendant executed and delivered to plaintiff a demand note for three thousand dollars, secured by a pledge of certain shares of stock. A collateral agreement made at the same time authorized the holder of the note, in case of default, to sell the pledged property at public or private sale, with or without notice to the pledgor. This action was brought in January, 1914, to foreclose the lien of the pledge.

CLXXVII Cal.—31

The court found that $750 of the principal and $150.05 of the interest due on the note was unpaid, and that the plaintiff had waived any right to a deficiency or personal judgment against the defendant. A decree was accordingly entered for the sale of the pledged property by a commissioner, and for the foreclosure of defendant's right of redemption.

The defendant appeals from the judgment. His sole contention is that the court below should have stayed its hand because of the pendency of bankruptcy proceedings. It was alleged in the answer, and found by the court, that on July 24, 1913, there was filed in the United States district court, in and for the northern district of California, a petition praying that the defendant herein be declared an involuntary bankrupt; that said defendant had appeared in said proceeding, but no adjudication with respect to his bankruptcy had been made.

The plaintiff's pledge was valid under the laws of this state. It was created more than four months before the filing of the petition against the defendant, and its validity was in no way affected by the bankruptcy proceeding. (Bankruptcy Act, sec. 67, subd. d., [U. S. Comp. Stats. 1916, sec. 9651, 1 Fed. Stats. Ann. (2d ed.), p. 1115].) The trustee appointed upon an adjudication of bankruptcy, if there had been such adjudication, would have taken only such interest in the stock as the debtor had—that is, a title subject to the interest of the plaintiff under his pledge. (7 C. J. 185.) Since the judgment under review did not decree any personal liability, it gave to plaintiff no more than he had by the terms of the collateral agreement, viz., the right to sell and apply the proceeds to the payment of his debt. This right, which might have been exercised without resort to any court, was not affected by the bankruptcy proceedings. (*Hiscock v. Varick*, 206 U. S. 28, [51 L. Ed. 945, 27 Sup. Ct. Rep. 681].)

The filing of the petition in bankruptcy did not oust the state court of jurisdiction to entertain the present action. (7 C. J. 204, 205.) The most that could possibly be claimed is that the bankruptcy court might have enjoined the prosecution, in a state court, of an action which might interfere with *its* own administration of the estate, and that, on like grounds, the state court itself should have granted a stay.

But no case was made calling for the intervention of the bankruptcy court. The answer avers that the pledged shares of stock had no "market value," and that, if they were sold under the most favorable circumstances, they would not bring enough to satisfy plaintiff's demand. If this were so, there would be no surplus available to the appellant's other creditors, and the estate in bankruptcy would have no interest in seeking to control the foreclosure sale. (*In re Holloway*, 93 Fed. 638.) The answer alleges further, on information and belief, that "the actual value of the stock is in excess of the amount due to the plaintiff." There is no attempt to state what value the stock has above the amount of the debt. But if, overlooking the defective form of the pleading, we take it as intended to aver that a substantial surplus above plaintiff's claim might be realized if the sale were postponed, the allegation is still insufficient. The plaintiff, as pledgee, has a matured and present right to realize upon his security. The pledgor is not justified in asking that the exercise of this right be deferred indefinitely to await a purely problematical increase in the price which might be realized at a sale. Nor are the general creditors of the alleged bankrupt entitled to this indulgence.

The answer showed no ground, therefore, for staying the proceedings, or otherwise interfering with the plaintiff in the pursuit of his remedy. In this view, the further points made by the appellant become immaterial.

The judgment is affirmed.

Shaw, J., and Richards, J., *pro tem.*, concurred.