OILFIELDS SYNDICATE v. AMERICAN IMPROVEMENT CO.

(Circuit Court of Appeals. Ninth Circuit.   October 27, 1919.)

No. 3339.

1. BANKRUPTCY ⬤⟿387—EFFECT OF CONFIRMATION OF COMPOSITION ON JUDG-MENT LIEN.

Confirmation of composition in bankruptcy proceedings without adjudication of bankruptcy, under Bankruptcy Act, §§ 14c, 70f (Comp. St. §§ 9598, 9654), merely discharges bankrupt from personal liability on a judgment. a provable debt under section 63 (section 9647), and restores his property subject to lien of judgment acquired more than four months before petition in bankruptcy, and which therefore, under section 67, subds. "c," "f" (section 9651), would be unaffected by adjudication, the judgment creditor never having filed claim, nor voluntarily participated in the bankruptcy proceedings, nor received a dividend from the composition, as under section 17, as amended (section 9601), a discharge in bankruptcy would not affect the lien.

2. BANKRUPTCY ⬤⟿433(7)—LIEN OF JUDGMENT MAKES CREDITOR "SECURED CREDITOR."

The lien on all property of judgment debtor in the county, which Code Civ. Proc. Cal. § 674, provides that filing of transcript of judgment gives, is enough to make the judgment creditor a "secured creditor," within Bankruptcy Act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Secured Creditor.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit by the Oilfields Syndicate against the American Improvement Company. From a decree for defendant (256 Fed. 979), plaintiff appeals. Affirmed.

Oilfields Syndicate appeals from a decree dismissing a complaint on the ground that the facts failed to state a valid cause of action in equity against the Improvement Company, appellee. The suit is to remove a cloud upon the

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

title to certain real estate in California and is founded upon these allegations: That on September 6, 1917, one Hammon conveyed the property involved to the Oilfields Syndicate, appellant, which now claims 'to be the owner; that on November 29, 1915, the appellee, Improvement Company, brought suit in the proper state court against Hammon and others to recover the principal of a note and interest unpaid, and on October 19, 1916, had judgment against Hammon and two coindorsers for the amount of the unpaid principal and interest of the promissory note, together with costs. The clerk of the state court entered the judgment and filed the judgment roll, as required by the California Code of Civil Procedure, and on October 20th made the proper entries of the judgment in the docket, and on November 8, 1916, a transcript of the judgment was recorded in the office of the county recorder of the county in which the real estate is situate. Under the statute of California (section 674, Code of Civil Procedure), the judgment thereupon became a lien upon all the real property of Hammon. No appeal was ever taken from the judgment, and the judgment became final. On September 27, 1917, petition in involuntary bankruptcy against Hammon was filed in the United States District Court. Thereafter in due form Hammon filed an offer of composition to his creditors in satisfaction of all of his liabilities, however incurred, in the sum of $250,000, in addition to the money necessary to pay all debts which had priority and the costs of the proceedings in bankruptcy. The offer was accepted in due form and the consideration mentioned in the offer was thereupon deposited by Hammon, as required by the District Court. Hammon prayed for confirmation of the composition, his application was heard on August 31, 1918, and the court made an order confirming the composition. No order adjudging Hammon to be a bankrupt was ever made, nor was the application of the creditors of Hammon that he be adjudged a bankrupt even granted or denied, although appellee herein knew of all matters in the proceedings in bankruptcy, but never filed objections to the composition or to any of the bankruptcy proceedings. Appellee, however, never filed a claim or voluntarily participated in the proceedings in bankruptcy. On September 19, 1918, appellee caused execution to be issued out of the state court. The sheriff advertised the property for sale, and was about to sell under the execution, when Hammon moved in the state court for an order to quash the execution and to declare all proceedings null and void, and for an order prohibiting the sheriff from proceeding further under the execution, upon the ground that the bankruptcy proceedings, the composition and the decree confirming the composition, had satisfied and discharged the judgment. The state court denied the motion. Sale was thereafter made by the sheriff on October 25, 1918, to appellee as purchaser.

Charles W. Slack, of San Francisco, Cal., and O'Melveny, Milliken & Tuller, of Los Angeles, Cal., for appellant.

William P. Hubbard, of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] Pertinent references to the statutes are as follows:

Under section 14c of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [Comp. St. § 9598]):

"Confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

Section 70f (Comp. St. § 9654) of the same act provides:

"Upon the confirmation of a composition offered by a bankrupt, the title to his property shall thereupon revest in him."

In Cumberland Glass Mfg. Co. v. De Witt, 237 U. S. 447, 35 Sup. Ct. 636, 59 L. Ed. 1042, the Supreme Court, after a general discus-

sion of the procedure with reference to offers of composition and orders made by the court in confirmation of composition, said that under section 70f, when confirmation of a composition is ordered:

"The order of confirmation becomes in effect a discharge, and is pleaded in bar with like effect. It operates to discharge the bankrupt from all debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge. * * * The effect of the composition proceeding is to substitute composition for bankruptcy proceedings in a certain sense, and in a measure to supersede the latter proceeding and to reinvest the bankrupt of all his property free from the claims of his creditors. True, the composition proceedings arise from the bankruptcy proceedings, and this part of the statute is to be construed with the entire act. Wilmot v. Mudge, 103 U. S. 217 [26 L. Ed. 536]. That the restoration of the estate to the bankrupt restores to him the right of action upon choses in action there is no question. Stone v. Jenkins, 176 Mass. 544, 57 N. E. 1002, 79 Am. St. Rep. 343, 4 A. B. R. 568."

Section 67c of the Bankruptcy Act (Comp. St. § 9651) provides in substance that a lien created by statute, including an attachment by mesne process which was begun against a person within four months before the filing of a petition in bankruptcy against such person, shall be dissolved by the adjudication of such person to be a bankrupt if (1) it appears that the lien was obtained while defendant was insolvent or if its existence and enforcement will work a preference; or (2) the party to be benefited thereby had reasonable cause to believe defendant was insolvent and contemplated bankruptcy; or (3) such lien was sought and allowed in fraud of the provisions of the Bankruptcy Act; or if the dissolution of the lien would militate against the interest of the estate of such person, the lien shall not be dissolved, but the trustee, for the benefit of the estate, shall be subrogated to the rights of the holder of the lien and empowered to perfect and enforce the same as the holder might have done had not bankruptcy proceedings intervened. Section 67, subdivision "f," provides that all judgments or other liens obtained through legal proceedings against a person who is insolvent, or at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the judgment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall order that the right under the judgment or levy or lien shall be preserved, and thereupon the same may be passed to the trustee to be preserved by him for the benefit of the estate, provided nothing in the section shall operate to destroy or impair the title obtained by such levy, judgment, or other lien of a bona fide purchaser for value, who shall have acquired the same without notice or reasonable cause for inquiry.

In behalf of the appellant two theories are advanced: One, that if the provisions of subdivisions "c" and "f" apply to compositions, inasmuch as there has been no adjudication in the present case, the lien of the judgment was wiped out as an incident of the judgment by the satisfaction by the composition; another, that the lien of the judgment was extinguished by the satisfaction and discharge of the judgment by the composition under the sections of the act having to do with com-

positions, without regard to the question of adjudication. If either of these contentions is well founded, then the lien and judgment which were obtained and duly recorded more than four months prior to the filing of the petition in bankruptcy are discharged. A result in general would be that in a case where a bankrupt has availed himself of the composition statute, and has compounded with his creditors, and has obtained approval of the composition, but against whom there has been no adjudication in bankruptcy, a judgment creditor with a lien more than four months old, and who has not participated in the bankruptcy proceedings, has never filed a claim, and never received a dividend from the composition, occupies a position with respect to the right to preserve the lien of a judgment less favorable·than he would have had if there had been an adjudication and discharge of the bankrupt from his debts.

We cannot believe that such is the true construction of the act. Section 17 of the Bankruptcy Act, as amended (Comp. St. § 9601), provides that a discharge in bankruptcy shall release the bankrupt from all of his provable debts, except such as due for taxes, liabilities for obtaining property by false pretenses, and for debts that have not been duly scheduled in time for proof and allowance, unless the creditor had notice of the bankruptcy proceedings. Section 63 provides that debts of the bankrupt may be proved and allowed against his estate which are: (1) "A fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not," etc; (2) debts founded upon open account or upon contract; (3) debts founded upon provable debts reduced to judgment after the filing of the petition and before consideration of the bankrupt's application for a discharge.

In Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, the Supreme Court, after quoting section 67f of the act, said:

"In our opinion the conclusion to be drawn from this language is that it is the lien created by a levy or a judgment, or an attachment, or otherwise, that is invalidated, and that, where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized. When it is obtained within four months the property is discharged therefrom, but not otherwise. A judgment or decree in enforcement of an otherwise valid preexisting lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens. If this were not so, the date of the acquisition of a lien by attachment or creditors' bill would be entirely immaterial."

And the court, in sustaining this view, referred to section 63a and to section 17 (Comp. St. §§ 9647, 9601), saying that they would be wholly unnecessary if section 67f were to be taken literally. First Nat. Bank v. Staake, 202 U. S. 141, 148, 26 Sup. Ct. 580, 50 L. Ed. 967; Globe Bank v. Martin, 236 U. S. 288, 35 Sup. Ct. 377, 59 L. Ed. 583.

It is clear, we think, that where there has been a composition, and an order of confirmation, the bankrupt takes back his property in the same condition that it was in when the bankruptcy was initiated, and that liens which would be valid and unassailable in the ordinary course

of bankruptcy proceedings are protected in composition arrangements and are not discharged or affected. In re Stowell (D. C.) 24 Fed. 468; Stewart Noble v. Bishop Co., 62 Colo. 197, 162 Pac. 159. It does not seem to be necessary at all that there shall be any order of discharge after an order confirming the composition, for the order of confirmation operates effectually to discharge the bankrupt from his debts other than those not affected by a discharge. In Stewart Noble v. Bishop, supra, the Supreme Court of Colorado, in considering the effect of a composition, said that the debt was discharged so far as the debtors were concerned, and that the creditors could no longer pursue the bankrupts personally, but that the right to demand that the property should be set aside for their benefit and should be applied was not relinquished. It was also held that an order in the composition proceeding did not deprive a nonconsenting creditor of the vested right with which the bankruptcy court had no power otherwise to interfere. See, also, Alsop v. White, 45 Conn. 499; Hawthorne v. Hendrie et al., 50 Colo. 342, 116 Pac. 122; Griffin v. Smith, 177 Cal. 481, 171 Pac. 92; Collier on Bankruptcy (11th Ed.) pp. 402, 403; Remington on Bankruptcy, §§ 2670, 2673; Brandenburg on Bankruptcy, § 870. In Cottrell v. Pierson (C. C.) 12 Fed. 805, a judgment was obtained over two years before the commencement of the bankruptcy proceeding, and the owner of the judgment failed to prove its claim in the bankruptcy court. It was held by Judge McCrary that the lien of the creditor on the real estate of the bankrupt, as governed by the law of Nebraska, was not lost by failure to prove the debt, and that the creditor in such a case could rely upon his security and omit to prove his claim in bankruptcy, and by so doing lose only his claim against the general estate of the bankrupt. The court said:

"The law did not require the lienholder to prove his debt in order to save his lien. Having a judgment in the state court by which his lien was established, he had no occasion to apply to the bankruptcy court for aid in its enforcement." Houston v. Shear et al. (Tex. Civ. App.) 43 Am. Bankr. R. 462, 210 S. W. 970; Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536.

The appellant would draw a distinction between the discharge of an indebtedness, and its consequent effect upon a lien acquired in judicial proceedings by a discharge of the bankrupt after an adjudication in bankruptcy, where there has been no composition, and a discharge of the indebtedness by settlement pursuant to a composition. But, it being well settled that where a lien has been obtained through judicial proceedings prior to the four months period, the lien is not dissolved by the adjudication, and that an order of confirmation shall discharge the bankrupt from his debts other than those not affected by a discharge, the bankrupt who has made the composition finds that as to liens which were existing beyond the four months period he is in no better position than if there had been an adjudication in bankruptcy. In either case the effect is not to discharge the liens acquired. In either event the lien is intact. Metcalf v. Barker, supra. Personal liability on the judgment is discharged, but nothing more. 3 R. C. L. § 119; 7 C. J. § 311.

The case of In re Southern Arizona Smelting Co., 231 Fed. 87, 145

C. C. A. 275, is not of aid in determining the question before us, for there there was an adjudication, and with that fact established there was no need to consider what, if any, difference there might have been, had there not been an adjudication. Nor is the recent case of In re Lilienthal, 256 Fed. 819, —— C. C. A. ——, in point, for the discussion therein was predicated upon the fact that the attachment was levied within the four months period. .By way of argument, appellant, in citing the Lilienthal Case, asks whether there is any difference in principle if the attachment is levied without the four months period. The answer is that Congress has seen fit to fix a definite time within which certain conditions shall have the effect of discharging debts and liens. In the Goldsmith Case (D. C.) 118 Fed. 763, it was said:

"If secured creditors elect to rely upon their security, they are not parties to the bankruptcy proceedings at all. There is nothing compelling them to make proof, and they may enforce their liens, if otherwise valid, subject to the power of stay set forth in section 11 of the act."

By the language of the sections referred to, which relate exclusively to liens acquired within four months of the filing of the petition, we take it that liens obtained prior to that time are to be preserved. The cases which have adopted this view seem to us to be correct in their interpretation. In Hillyer v. Le Roy, 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919, the court said:

"The declaration of the section [67f] is distinct that the lien therein referred to is only invalid where it has been obtained by the creditor within four months prior to the filing of the petition in bankruptcy, and equally distinct is its meaning that the validity of a lien obtained prior to that interval of time will be recognized. That construction has been given to the statute by the United States Supreme Court. Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122." Wicks v. Perkins et al., 1 Woods, 383, Fed. Cas. No. 17,615.

[2] It is further argued by the appellant that the nature of the lien is purely as provided by statute, and therefore not specific, but merely general, and that plaintiff's only right was to levy on the property to the exclusion of adverse interests subsequent to the judgment. As already said, under section 674 of the California Code of Civil Procedure, the filing of the transcript created a lien in favor of plaintiff. Such lien is enough to entitle plaintiff to be classified as a secured creditor. Black on Bankruptcy, § 556, writes that ownership of a judgment against a bankrupt constitutes the creditor a secured one within the meaning of the Bankruptcy Act, where there is property of the bankrupt upon which the judgment has attached as a lien. The record discloses that the lien of the judgment under examination attached to the specific property owned by Hammon in Santa Barbara county, Cal., more than four months prior to the commencement of the bankruptcy proceeding. Under the authorities this put the plaintiff in a position where he can claim that the confirmation of the composition has not destroyed the validity of the lien of the judgment. In Estate of Wiley, 138 Cal. 301, 71 Pac. 441, it was argued that there was a distinction between a special lien and a general lien, recognized by section 674 of the California Code of Civil Procedure, and that levy of execution was essential to the existence or continuance of a lien

created under that section. The Supreme Court, however, held that the lien was created by the act of filing the transcript of the judgment and not by levy of execution. Moreover, the statute itself provides that from the filing of the transcript—

"the judgment becomes a lien upon all the real property of the judgment debtor not exempt from execution in such county, owned by him at the time, or which he may afterward, and before the lien expires, acquire."

It is also provided by section 700 of the California Code of Civil Procedure that, if the judgment is a lien upon the real property, the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor on or at any time after the day such judgment became a lien on such property. Collier on Bankruptcy (11th Ed.) pp. 1080, 1081.

Our conclusions are that the effect of the composition, regularly confirmed, became very like the effect of a discharge, and that the lien of the judgment obtained in the superior court of the state is valid. The certificate of sale made by the sheriff under execution in satisfaction of such judgment lien is therefore valid, and it follows that no cloud was cast upon any title in the appellant; such title having been acquired subsequent to the obtaining of the judgment lien of the Improvement Company.

The decree is affirmed.