[Civ. No. 9795. Second Appellate District, Division Two.—October 23, 1934.]

L. BOTELER, Trustee in Bankruptcy, etc., Respondent, v. ANTONE K. KOULOURIS et al., Appellants.

E. J. Fostinis for Appellants.

Derthick, Cusack & Ganahl for Respondent.

WILLIS, J., *pro tem.*—On February 20, 1926, appellants leased certain real property to Great Western Sea Food Company, Inc. (hereinafter called "company" for brevity), for the term of ten years, by an instrument in writing which, among other provisions, recited that the sum of $5,000 had been deposited by the company with appellant lessors "to insure its good faith in the performance of all the terms,·conditions and covenants of the within lease, it being understood between the parties hereto that in the event that all of the terms, conditions and covenants of said lease are fully performed, said sum of Five Thousand Dollars ($5000.00) will apply on the rental for the months commencing May 1st, 1935, and ending on February 28th, 1936, and for no other months; it being understood that in the event of the party of the second part failing to comply with any of the terms, conditions or covenants herein specified and expressed, then in that event the said Five Thousand Dollars ($5000.00) shall remain the property of the parties of the first part as liquidated damages, and not as a penalty for any breach of said

terms, conditions and covenants herein specified and expressed''. The court found that such sum had been so deposited, and that in September, 1931, the company failed to pay its rent in full, but was permitted by appellants to continue in possession of the leased premises; that about June 1, 1932, appellants and the company ''entered into an agreement whereby defendants agreed to hold said sum of Five Thousand Dollars ($5000.00) for the benefit of Great Western Sea Food Co., Inc., and to apply the same to payment of rental for the use of the said premises by Great Western Sea Food Co., Inc., at such times and in such amounts as might be agreed upon by the said parties''; that on June 15, 1932, the sum of $3,000 was applied to cover balance of rent due in September, 1931, and for each successive month to and including June, 1932, with $100 on the rent for July, 1932; that thereafter on each succeeding month to and including November, 1932, there was applied the sum of $200 for balance of July rent, and the sum of $300 each for the succeeding months to and including November, 1932; that a balance of $600 of said original fund remained in the hands of appellants and was not applied until January 31, 1933, when a mutual release was executed by the parties; that during the four months next preceding March 15, 1933, the date of filing of its voluntary petition in bankruptcy, such company was insolvent, and that appellants knew or had reasonable ground to believe that said company was insolvent and that a release to appellants of said sum of $600 which they still held for the company's benefit and which they had not applied as rent would result in a preference in their favor; that provable claims of creditors aggregating an amount in excess of $22,000 have been filed in such bankruptcy proceeding and that the reasonable value of the assets of said bankrupt does not exceed the sum of $8,000. On these findings the court based its conclusion that the payment of said sum of $600 constituted a voidable preference and that the trustee in bankruptcy was entitled to recover that amount. Judgment was accordingly entered from which this appeal is taken, based on the judgment-roll alone.

The sole question raised and to be determined herein is whether the payment to appellants by themselves out of the fund in question constituted a preference as defined in the bankruptcy law. Clearly the whole fund of $5,000 was,

when first deposited, a pledge, which is defined as a deposit of personal property by way of security for the performance of another act (sec. 2986, Civ. Code). ''Every contract by which the possession of personal property is transferred as security only is to be deemed a pledge.'' (Sec. 2987, Civ. Code.) And it is equally clear that, assuming the validity of the contract found by the court to have been entered into about June 1, 1932, the character of the deposit as a pledge was destroyed, and the money constituting such deposit became money in the possession of appellants and held by them for the benefit of the company to be applied on rent as agreed upon in the future. Prior to the four months' deadline fixed by the bankruptcy law against payments in preference of creditors, all but $600 of the deposit had been thus disposed of, and obviously the portion thus previously paid out cannot be recovered by the trustee in bankruptcy.

The court below did not find that the contract of June 1, 1932, altering the terms of the written lease relating to the deposit, was in writing as required by the provisions of section 1698 of the Civil Code. This, however, was not necessary, and in the absence of any record negativing it we must assume that such contract was in writing. (*McDonald* v. *Mission View Homestead Assn.*, 51 Cal. 210; *Nunez* v. *Morgan*, 77 Cal. 427 [19 Pac. 753].)

Under the facts found, the validity of the pledge of the $5,000 could in no way be affected by the bankruptcy proceedings (*Griffin* v. *Smith*, 177 Cal. 481 [171 Pac. 92]); but by the contract of June 1, 1932, the pledge status was destroyed—the money was thereafter held by appellants for the benefit of the company, to apply on rents to accrue and as from time to time agreed upon. This in effect constituted a trust under an agreement whereby the money was transferred by the company to appellants upon their promise to hold the same for the benefit of the company. (*Hearst* v. *Pujol*, 44 Cal. 230; *Hellman* v. *McWilliams*, 70 Cal. 449 [11 Pac. 659].) Under such circumstances any payments from such deposit to a creditor of the company subsequent to the four months' deadline fixed by the bankruptcy law would be in contravention of the terms of that law, and subject to recovery by the trustee in bankruptcy.

The judgment is affirmed.

Stephens, P. J., and Desmond, J., concurred.