In re HI SUP AHN and Chung Ok Ahn, Debtors.

**HI SUP AHN and Chung Ok Ahn, Plaintiffs,**

v.

**The WACKENHUT CORPORATION and Guam Economic Development Authority, Defendants.**

**Bankruptcy No. 81–0009.**

United States Bankruptcy Court, D. Guam.

May 28, 1982.

Timothy A. Stewart, Agana, Guam, for plaintiffs.

Roger P. Crouthamel, Agana, Guam, for defendant, Wackenhut Corp.

Mark E. Cowan, Agana, Guam, for defendant, GEDA.

## OPINION AND FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

After the 1898 War with Spain, the U.S. Government acquired by cession all of Spain's interest in Guam.

Thereafter, while Guam was under the jurisdiction of the U.S. Navy, pursuant to 1933 land title registration act, part of the 1933 Civil Code of Guam, on July 1938, the Island court of Guam issued a decree establishing title to the United States of America for lot 5218 at Barrigada, Guam in land registration case no. 105–38.

On August 13, 1939 the registrar of land titles issued certificate of guaranteed claim no. 4041 Vol. II in favor of the United States of America on lot 5218, Barrigada, Guam.

Thereafter, on March 13, 1975 transfer Certificate of Title No. 40954 was issued to Hyundai America Corporation covering lot 87A, Barrigada, Guam, being a portion of lot 5218. This certificate of title was issued on the basis of the certificate of guaranteed claim no. 4041 and the decree establishing title issued to the United States of America.

Mr. & Mrs. Ahn then acquired lot 87A from Hyundai America Corporation and on July 22, 1975, transfer Certificate of Title No. 55738 covering lot 87A was issued to the Ahns.

Neither Hyundai America Corporation nor the Ahns were parties to the original land registration proceeding in the Island court of Guam pursuant to article I of

Chapter 4 of the Civil Code of Guam known as the land title registration act.

However, the Civil Codes of Guam all contain § 5 of the preliminary provisions as follows: "The provisions of this Code, so far as they are substantially the same as existing law, must be construed as continuations thereof, and not as new enactments."

On June 14, 1979 the Wackenhut Corporation filed an abstract of judgment with the Department of Land Management office of the recorder under document no. 303157.

On July 30, 1980 GEDA filed an abstract of judgment under document no. 313705 with the same recorder's office and on August 11, 1980 GEDA filed with the same recorder's office an amended notice of real property subject to Judgment lien under document no. 314011.

Though Wackenhut and GEDA could have requested that the two abstracts of judgments and the amended notice be memorialized on Certificate of Title no. 55738, they did not make such a request.

The abstracts of judgment and amended notice were not memorialized on the Certificate of Title until after the petition had been filed in bankruptcy court.

On December 18, 1980, the debtors filed a petition for relief under Chapter 7.

On November 20, 1981 the debtors filed a complaint to avoid the liens of Wackenhut and GEDA on two grounds: *First,* that the liens are avoidable to the extent that they impair the debtors' exemptions and *second,* that the liens are void and avoidable because they were not perfected pursuant to § 1157.88 and 1157.89 of the Guam Civil Code at the time of the filing of the petition.

Wackenhut and GEDA have both contended that lot 87A is not registered land and that if registered land their liens are valid having been recorded with the Department of Land Management before the filing of the petition by the Ahns.

Wackenhut and GEDA further contend that because they allege that the value of the property is over $100,000.00, their liens do not impair the exemptions claimed by the Ahns.

It is to be noted that the pertinent incumbrances on lot 87A are as follows:

*First* a mortgage to Citibank.

*Second* a mortgage to Lee Ray Tarentino which is in dispute.

*Third* the abstract of judgment to Wackenhut.

*Fourth* the abstract and notice of judgment lien to GEDA.

There are two issues before this court:

*First,* is lot 87A covered by the land registration act.

*Second,* were the documents properly recorded and memorialized to create and perfect a lien on the property prior to the filing of the petition.

## CONCLUSIONS OF LAW

The evidence produced at the trial shows that a land registration system existed prior to the enactment of the Civil Code of Guam in 1954 and that lot 87A was part of basic lot 5218 which was the subject of land registration case no. 105–38 in the Island Court of Guam, Naval Government of Guam before World War II.

The pertinent provisions of the land title registration law have been identical from February 1, 1934 to the present, and at all times since have been the law of Guam.

Based on § 5 of the Civil Code of Guam the court finds the so called land title registration act to be a continuation of the procedure of establishing land titles originally established under the Naval Government of Guam. The Court thus finds lot 87A which is a portion of lot 5218 to be properly within the land title registration act, and that lot 87A is registered land.

There are various provisions within that part of the Civil Code of Guam known as the land title registration act.

Some provisions cover recordation of documents voluntarily executed by the land owner, such as deeds and mortgages. Oth-

er provisions cover judgments and other documents which are not voluntarily executed by the land owner.

§ 1157.88 of the Civil Code reads as follows: "No judgment, or decree, or order of any court shall be a lien upon or in anywise affect registered land, or any estate or interest therein, until a certified copy of such judgment, decree, or order under the hand and official seal of the Clerk of the Court in which the same is of record, is filed in the office of the registrar, and a memorial of the same is entered upon the registrar of the last certificate of title to be affected." § 1157.88 is explicit. It states that *no* judgment, decree, or order of any court shall be a lien on any registered land until a certified copy is filed in the office of the registrar, and a memorial of the same entered.

In addition § 1157.90 states "no statutory or other lien shall be deemed to affect the title to registered land until after a memorial thereof is entered upon the register, as herein provided."

§ 674 of the Code of Civil Procedure, on which Wackenhut and GEDA rely states that an abstract of judgment or decree may be filed with the Director of Land Management and from such filing, the judgment or decree becomes a lien upon all the real property of the judgment debtor.

Wackenhut and GEDA also rely on the case of *Oilfields Syndicate v. American Improvement Co.* (9th Cir.1919), 260 F. 905. That case clearly held that, under California law, § 674 Code of Civil Procedure, when an abstract of judgment is filed in the office of the county recorder it creates a lien upon all the real property of the defendant in that particular county. However, that case did not discuss the applicability of § 674 to *registered land*, as the issue was never raised.

The court finds § 674 Code of Civil Procedure to be a general law, whereas § 1157.88 and 1157.90 are specific laws covering registered land.

██ When there is a conflict between a general law and a specific law, the specific law prevails. To hold otherwise would render null and void the specific laws covering registered land.

██ This court rules that § 674 of the Code of Civil Procedure does not affect registered land without further compliance with § 1157.88 or 1157.90 of the land title registration Act.

Wackenhut and GEDA contend that, because Vicenta Gonzalo testified that the registrar does not comply with the provisions of the land title registration act, especially § 1157.28, which requires the registrar to promptly memorialize on the Certificate of Title all documents registered with Department of Land Management, the bankruptcy court should not require strict compliance with the provisions of the land title registration act. However, as testified by Mrs. Gonzalo, at the time of filing the abstract of judgment, Wackenhut and GEDA could have requested the registrar to memorialize the abstracts of judgment on certificate of title no. 55738 and could have requested a certified copy of such certificate as do some other attorneys. They failed to do so until after the petition had been filed on December 18, 1980.

Wackenhut and GEDA also contend that § 1157.57 provides that every mortgage, lease, contract to sell, or other instrument intended to create a lien or encumbrance or charge upon registered land shall be a charge thereon immediately upon registration thereof.

The court finds § 1157.57 covers instruments voluntarily executed by the land owner. On the other hand § 1157.88 specifically deals with a *judgment or decree of the court* and in the instant case the court finds § 1157.88 to be controlling.

██ The bankruptcy code under § 362(a) provides that the filing of a petition in bankruptcy operates as a stay applicable to all entities of any act to create, perfect, or enforce any lien against property of the estate or the debtor. Cases have held that any action taken in violation of the automatic stay is without effect. One of the cases referred to is *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

4

Since the abstracts of judgment of Wackenhut and GEDA were not memorialized on certificate of title no. 55738 by the registrar until after the petition was filed, the court finds such action to be void and without effect.

The court thus finds that Wackenhut and GEDA's liens were not perfected under the Civil Code of Guam prior to the filing of petition in bankruptcy. Thus, the abstract of judgment filed by Wackenhut and GEDA and any memorials thereof should be cancelled and stricken from the register and the record and any purported liens created by such documents are declared void, avoided, and cancelled.

The court, having ruled that Wackenhut and GEDA have no lien on lot 87A, at this time does not address the matter of debtors' exemptions being impaired by said liens, and also does not address the validity of the Lee Ray Tarentino second mortgage.

Let judgment enter accordingly.