[No. 4555.]

## JAMES McDONALD v. MISSION VIEW HOMESTEAD ASSOCIATION ET AL.

FINDINGS OF FACT.—Findings of fact contradicting admissions in the pleadings should not be made, for the judgment must follow the latter.

JUDGMENT IN GOLD COIN.—If, on the suit of the purchaser, a contract for the sale of real estate is rescinded for fraudulent representations, he cannot recover judgment in gold coin for the value of improvements placed on the premises by him, if the court finds the value in money without designating the kind of money.

CONTRACT TO SELL REAL ESTATE.—If a complaint avers that a contract was made for the sale of real estate, it is not necessary to aver that it was in writing, for the presumption is that it was in writing.

IDEM.—A finding of fact that a contract was made to sell real estate need not state that the contract was in writing, for it is presumed to be in writing.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Action to rescind a contract for the purchase of real estate, and to recover the money paid on the purchase and the value of the improvements placed on the premises. The action was dismissed as to all the defendants except William Monahan and T. P. Reardon. Said last-named defendants were partners in buying and selling real estate, and on the 1st day of February, 1869, contracted to sell, and that the Mission View Homestead Association should execute to the plaintiff a good deed of conveyance which should convey

the title to a portion of block 122, in San Francisco. The defendants knew that the Association had no title to the lot; but represented that it owned it. The plaintiff paid four hundred and forty dollars of the purchase-price in gold coin, and placed improvements on the premises of the value of five hundred and forty dollars. The plaintiff complied with his part of the contract and tendered the balance of the purchase-price before the commencement of the suit, but the defendants failed to convey the title because it was out of their power, but they offered to give the deed of the Mission Homestead Association, which the plaintiff refused to receive because the Association had no title. The pleadings admitted that four hundred and forty dollars in gold coin was paid on the purchase-price, but the court found as a fact that four hundred and sixty dollars were paid. The court also found that the plaintiff erected improvements on the premises of the value of five hundred and forty dollars, without designating the kind of money, and rendered judgment for the four hundred and sixty dollars, and five hundred and forty dollars and interest, all in gold coin. The plaintiff had not been ejected from the premises by the owner.

The defendants appealed.

*Sharp & Lloyd and W. H. Patterson*, for the Appellants.

*Douthitt & McGraw*, for the Respondent.

By the Court:

The decree must be modified by deducting the sum of twenty dollars, and interest thereon, from the sum of four hundred and sixty dollars mentioned in the fifth finding, and striking out that portion of the decree directing that the five hundred and forty dollars allowed for improvements be paid in gold coin.

So ordered.

By the Court, on petition for a rehearing:

The petition for a rehearing assumes as a fact appearing in the record, that the agreement for the conveyance of the

real estate in question was not in writing, and was, there-
fore, void, within the statute of frauds.

Upon looking into the record we find nothing in support
of this assumption.

It is alleged in the complaint that the plaintiff "bargained
with the defendant, Monahan, to buy of him" the premises
in controversy, and that the defendant "sold the same to
him for the sum," etc. The answer upon this point denied
that any such bargain was made. The finding in this respect
is that Monahan and Reardon "contracted to sell and cause
to be conveyed to the plaintiff the lot of land described in
the complaint," etc.

The record does not contain any evidence given at the
trial. For aught that appears, therefore, the alleged con-
tract was in writing. It was not necessary that the com-
plaint should contain an allegation that the contract was in
writing; nor was it necessary that the findings should set
forth that it was in writing. If the contract was in fact
merely verbal, objections should have been taken to the
character of the proof offered to establish it, and if the ob-
jections were overruled, an exception should have been
properly reserved.

In the absence of such a record we must assume that the
contract was in writing; and in this view the argument made
in the petition has no application.

Rehearing denied.