77   427
117   208

[No. 11601. In Bank. — December 7, 1888.]

MANUEL S. NUNEZ, APPELLANT, v. DANIEL B. MORGAN AND MARY A. MORGAN, RESPONDENTS.

CONTRACT FOR CONVEYANCE — DEFENSE IN EJECTMENT — CROSS-COMPLAINT — SPECIFIC PERFORMANCE. — A contract of the plaintiff in ejectment to convey the land in suit to the defendant, made before suit brought, is a defense to the suit, and may be specifically enforced by way of cross-complaint.

ID. — CONTINGENT CONTRACT — SPECIFIC PERFORMANCE. — A contract between the defendant in a foreclosure suit and a proposed purchaser under the decree, that if such defendant would bear the necessary expenses of a conveyance and of erecting a division line, and would consent to the foreclosure of the mortgage in suit upon land of the defendant which had been released from the mortgage lien, he would convey the same to the defendant, and would not disturb his possession, does not depend upon an uncertain or indefinite contingency, and will be specifically enforced when the contingency disappears by the completion of the purchase at the foreclosure sale.

ID. — STATUTE OF FRAUDS — PLEADING — CROSS-COMPLAINT. — It is not necessary, in the pleading of a contract within the statute of frauds, to aver that the contract was in writing, and this rule applies as well to a cross-complaint as to a complaint upon such contract.

ID. — WAIVER OF STATUTE OF FRAUDS — FAILURE TO OBJECT TO EVIDENCE. — When a contract within the statute of frauds is proved by parol evidence without objection or exception, the right to invoke the statute is waived, and it cannot afterwards be insisted upon.

ID. — FINDING AS TO WRITTEN CONTRACT. — It is not necessary to find that a contract for the conveyance of land was in writing, especially if the right to invoke the statute of frauds has been waived by the defendant.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Z. N. Goldsby*, for Appellant.

The alleged contract is void because it is dependent upon a contingency which is entirely uncertain and indefinite. It is also void because not in writing. (Code Civ. Proc., sec. 1971–1974; Civ. Code, secs. 1739, 1741; *Forrester* v. *Flores*, 64 Cal. 24; *Blum* v. *Robertson*, 24 Cal. 129; *Gallagher* v. *Mars*, 50 Cal. 23.) The decree of foreclosure is an estoppel against the defendant. (Code Civ. Proc., secs. 1908–1910; *Carey* v. *Rae*, 58 Cal. 159–163; *Ferrea* v. *Chabot*, 63 Cal. 564–567; Code Civ. Proc., sec. 1962, subds. 3, 6.)

*W. D. Storey*, for Respondent.

A judgment cannot be used as an estoppel when obtained by fraud. (Freeman on Judgments, secs. 250, 468, and cases cited; *Hayden* v. *Hayden*, 46 Cal. 333; *Spencer* v. *Vigneaux*, 20 Cal. 442; *Gross* v. *McKee*, 53 Miss. 536.) The contract in this case strongly appeals to the equity powers of the court. (Civ. Code, sec. 3387; 5 Wait's Actions and Defenses, 763, 777, 786; *Brennan* v. *Ford*, 46 Cal. 8; *Farwell* v. *Johnston*, 34 Mich. 342; *Buck* v. *Swazey*, 35 Me. 41; 56 Am. Dec. 681; *Livingston* v. *Painter*, 19 Abb. Pr. 28; *Felger* v. *Coward*, 35 Cal. 650; *Boyd* v. *Brinckin*, 55 Cal. 427; *Hearst* v. *Pujol*, 44 Cal. 230.) A parol contract is not within the statute of

frauds, when not to enforce it would be a fraud on the defendant. (*Arguello* v. *Edinger*, 10 Cal. 150; *Sandfoss* v. *Jones*, 35 Cal. 481; 3 Wait's Actions and Defenses, 429, 430.)

THORNTON, J.—The plaintiff instituted this action against Daniel B. Morgan and Mary A., his wife, to recover possession of a tract of land. The complaint is in the usual form in such actions.

The answer denies that the plaintiff was entitled to the possession of the land in suit, and further denies that the defendants ever unlawfully or wrongfully withheld from the plaintiff the possession of the land.

The defendants by way of defense set up a contract between the plaintiff and defendant Daniel as in equity entitling them to the possession of the land in suit, and in two cross-complaints set forth substantially the same contract as entitling them to have the plaintiff holding the legal title to the land convey it to them in execution of such contract. Issue was joined as to the material allegations of the cross-complaints.

The cause was tried, and the court found the facts as alleged in the cross-complaints, and decreed a specific execution of the contract.

The averments of the cross-complaints set forth the following: That on the twenty-first day of December, 1876, the defendant Daniel, for the consideration of two thousand five hundred dollars, purchased of one J. L. McLaughlin, who was then the owner thereof, the tract of land involved herein; that McLaughlin, on the same day, executed a conveyance of this land to the defendant above named; that on the 15th of October, 1874, the premises were mortgaged by McLaughlin to one Porter; that at the same time that the conveyance above mentioned was executed, McLaughlin procured of Porter a release of this land from the lien of this mortgage, which release was duly executed, acknowledged, and re-

corded; that under the conveyance above mentioned
defendants entered into possession of the premises, and
have since continuously resided thereon; that on the
13th of September, 1880, Porter commenced an action
in the superior court of the proper county for the fore-
closure of the mortgage mentioned above against the
plaintiff, defendants herein, and others; that in this suit
Porter proceeded for a foreclosure against the whole
tract mortgaged by McLaughlin to him, and demanded
judgment of foreclosure against the tract mentioned
herein, as well as the other lands covered by his mort-
gage; that on the 25th of May, 1882, a judgment of fore-
closure was entered against the premises and the other
lands proceeded against in the suit, and a sale of such
land ordered, which sale was had, at which the plaintiff
became the purchaser; that in the early part of May,
1882, and before defendants had answered in the action
of Porter for foreclosure, the plaintiff represented to de-
fendant Daniel that he had an arrangement with Porter
whereby he was to become the purchaser of the mort-
gaged land after the mortgage should be foreclosed, and
that he, the plaintiff, was interested in having the fore-
closure suit pressed as rapidly as possible, and in having
the cost and expenses of such suit made as light as possi-
ble, and the plaintiff, Nunez, then and there promised to
and agreed with defendant Daniel that if this defendant
would agree to bear the necessary expenses attending the
conveyance to him, and of erecting the line fence between
the tract in suit and other lands of Nunez, and if the
defendants would file their answer in the suit admitting
the allegations of the complaint and permitting judg-
ment of foreclosure to be entered against the land de-
scribed in the complaint, that Nunez, as soon as he
obtained the title to this land, would convey it to de-
fendant Daniel by a good and sufficient deed, and would
not attempt to dispossess the defendants thereof; that the
foregoing proposition was accepted and agreed to by the

defendant above mentioned; that defendants, relying on the promise above stated, and in consideration thereof, complied with the said agreement; that Nunez, after acquiring the title as above stated to the land, refused, on request of the defendants, to comply with his promise, and refused to make the promised conveyance.

The contract mentioned in this action, and of which specific performance is asked, is as above set forth, and we are of opinion that it is a contract of that character, that if established by proof, the defendant Daniel is entitled to have of the plaintiff the specific execution thereof.

We do not understand that the contract is at all dependent upon an uncertain or indefinite contingency. Whatever contingency ever existed in the dealings between the plaintiff and defendant Daniel, in regard to this land, did depend upon the plaintiffs becoming the purchaser at the foreclosure sale under the decree above mentioned, but the plaintiff having purchased at such sale, the contingency disappeared.

It is argued "that the facts averred in said pretended cross-complaints do not take the alleged contract out of the statute of frauds."

Admitting that the statute of frauds requires as essential to the validity of such a contract as that involved in this suit that it should be in writing, still, according to the well-settled rule in this state, we think the cross-complaints, though they lack the averment that the contract pleaded was in writing, are, and must be held, sufficient.

In *Wakefield* v. *Greenhood*, 29 Cal. 599, which was a case involving the provision of the statute of frauds requiring that the agreement of the defendant to answer for the default of another should be in writing, it was held, on general demurrer, that it was not necessary to aver in a complaint on such agreement that it was in writing. The court further remarked on this point as follows: "If

the contract stated in the declaration or bill in equity was denied, it was incumbent upon the plaintiff or complainant to prove by legal evidence its existence, and this could be done only by the production or proof of the execution and contents of the written agreement, or some note or memorandum thereof, executed according to the provisions of the statute of frauds." (29 Cal. 599, 600.)

The rule as declared in *Wakefield* v. *Greenhood* was followed in *Brennan* v. *Ford*, 46 Cal. 8.

The contract counted on in the complaint in that case was one for the exchange of lands.

In *McDonald* v. *Mission View Homestead Ass'n*, 51 Cal. 210, which was an action to rescind a contract for the sale and purchase of land, etc., a like ruling was made as to the sufficiency of the allegations of the complaint in regard to the contract. There does not appear to have been any demurrer to the complaint in the case cited.

In the cross-complaints herein, the contract for the conveyance of land is set forth, as stated above; and following the decisions of this court above referred to, we must hold that the averments of the cross-complaints are sufficient. We cannot conceive that the rule held applicable to a complaint would be different when applied to a cross-complaint, and applying the rule referred to to the cross-complaints, the averments in it are all that the law requires.

When the testimony to prove the allegations of the cross-complaints was introduced by defendants, no written evidence of the contract counted on was offered. The testimony was entirely parol. But to this testimony plaintiff made no objection, and reserved no exception. The plaintiff had denied the stipulations of the contract, as set forth by the defendants, and might have objected to the evidence on the ground that it was not written, and reserved an exception, had the ruling of the

court been adverse to his objection. Conceding now that the contract declared on was void, by reason of the statute of frauds, because it was verbal, still, as no objection was made by plaintiff to the evidence when offered, it must be held that the right to invoke the statute of frauds was waived by the appellant, and it cannot now be invoked in this court as a reason why the judgment should be reversed or a new trial granted. The defense of the statute of frauds can be waived, and that it was waived by the plaintiff in failing to object at the time to the parol evidence when offered, we think there can be no doubt. Such we understand to be the ruling in *McDonald* v. *Mission View Homestead Ass'n*, above cited, where it was held that "if the contract was in fact merely verbal, objections should have been taken to the proof offered to establish it, and if the objections were overruled, an exception should have been properly reserved."

It is not found that the contract was in writing, but this is not necessary within the ruling in *McDonald* v. *Mission View Homestead Ass'n, supra.* Moreover, the plaintiff had waived his right by his neglect at the trial, as just above pointed out, to invoke the statute of frauds.

We have examined the other points made on behalf of plaintiff (appellant here), and are of opinion that they are either not maintainable, or, if maintainable, they are not of such character as to call for a reversal.

There is no error in the record, and the judgment and order are affirmed.

Ordered accordingly.

SEARLS, C. J., WORKS, J., SHARPSTEIN, J., McFARLAND, J., and PATERSON, J., concurred.