[Civ. No. 5817. Second Appellate District, Division One.—August 25, 1928.]

ALEXANDER CASTRIOTIS, Appellant, v. MARGARET CUMMINS, etc., Respondent.

Samuel R. Rosenthal and Benjamin Chipkin for Appellant.

Porter & Sutton for Respondent.

CONREY, P. J.—Judgment was entered in favor of the defendant, pursuant to an order sustaining demurrer to sixth amended complaint without leave to amend. The plaintiff appeals.

The first count is upon a cause of action to recover damages for breach of promise of marriage. The second count is upon a cause of action to recover damages for fraud and deceit through and by means of which the defendant obtained from the plaintiff certain large sums of money and other personal property.

The demurrer to the first count of the complaint was made upon the ground that said count did not state facts sufficient to constitute a cause of action; that several causes of action were improperly united in the complaint; that the alleged cause of action is barred by the provisions of certain stated sections of the Code of Civil Procedure; that the said count is ambiguous for certain stated reasons; likewise that said count is uncertain for the same reasons. The demurrer

to the second count of the complaint is like the first, except that additional grounds of ambiguity, and of uncertainty, are stated.

In the brief filed on behalf of appellant the various phases of the action as stated in the complaint are discussed, under ten different points, for the purpose of showing that the complaint was not properly subject to any of the objections contained in the demurrer. In answer thereto respondent has been content to rely upon these two propositions: First, that there is in the complaint a misjoinder of causes of action, in that an action *ex contractu* has been improperly united with an action *ex delicto;* and, second, that the second cause of action is barred by the following provisions of the Code of Civil Procedure: Section 337, subdivision 1; section 338, subdivisions 3 and 4; section 339, subdivision 1, and section 343.

It is provided by section 427 of the Code of Civil Procedure that ''the plaintiff may unite several causes of action in the same complaint, where they all arise out of: . . . 8. Claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section.'' The causes of action stated in the two counts of this complaint manifestly arose out of one and the same transaction and they were not both included within any one of the other subdivisions of the section. We are satisfied there was no improper joinder of the two causes of action.

The transcript does not show the date of commencement of the action. But since counsel for appellant in their brief state that the action was commenced in the year 1924 and do not deny the statement of counsel for respondent that the date of commencement of the action was September 8, 1924, we assume that this last statement is a conceded fact. According to the first count of the complaint the first alleged mutual promise to marry between plaintiff and defendant was made in July, 1919, and the defendant ''renewed her promise to marry'' the plaintiff from time to time, and particularly upon certain specified dates, of which the latest was July 22, 1923. According to the second count of the complaint the first of the alleged mutual promises to marry was made in December, 1917, and the same were likewise

renewed from time to time until September, 1923. It is alleged in the first count that on September 13, 1923, plaintiff demanded that the defendant "live up to her promise to marry him," and that the defendant refused to marry him and that this was his first knowledge of her refusal to marry him. The second count alleges that at the time when defendant made her first and original promise to marry the plaintiff, to wit, in December, 1917, and continuously thereafter, she had no intention of marrying plaintiff, but that the plaintiff first discovered this fact on September 13, 1923; that prior thereto plaintiff was unable to discover said fraud, and particularly that defendant concealed her fraud until said thirteenth day of September, 1923. It is alleged that during the period of time covered by said engagement to marry, plaintiff, relying upon said promise of defendant, gave to her the several large sums in money and jewelry, etc., as set forth in detail in the complaint.

█ One of the grounds of demurrer for ambiguity and for uncertainty, as stated in the demurrer, is that it is not shown in what manner or by what words, whether written or oral, the defendant "renewed" her said promise to marry. The statement in the complaint is that said promises were made "both orally and by way of written communications." We think that this was sufficiently certain. The contract was not one which the law required to be in writing. Where it was alleged in a pleading that at the time of the renewal of certain notes the agents of a bank holding the notes "then and there ratified and confirmed" certain statements and representations, it was held that this was not merely an allegation of a conclusion, but was an allegation that the agent of the bank, in effect, repeated the previous false statements of the other agents to whom reference had been made. (*Edmonds* v. *Wilcox*, 178 Cal. 222, 224 [172 Pac. 1101].) █ So here, where it is alleged that a certain promise was made, and was then alleged that the same promise was renewed at the subsequent dates named in the complaint, this was in effect an allegation that the defendant repeated the previous statements of promises which had been made by her. Likewise we think that the complaint should be considered in the light of the nature of the allegations, which all refer to facts which necessarily would be within

the knowledge of the defendant, and therefore the uncertainty, if any there was, in the form of the allegations would create no difficulty for defendant in the making or verification of her answer. (*Harvey* v. *Meigs,* 17 Cal. App. 353, 365 [119 Pac. 941].)

We are satisfied that the plaintiff's action as pleaded is not barred by any of the provisions of the statute of limitations.

The judgment is reversed.

Houser, J., concurred.

York, J., deeming himself disqualified, did not participate.