BOARD OF EDUCATION OF MUHLENBERG TOWNSHIP RURAL (CENTRALIZED) SCHOOL DIST., APPELLANT, *v.* PICKAWAY COUNTY BOARD OF EDUCATION ET AL., APPELLEES.

(Decided December 21, 1939.)

*Mr. C. A. Leist* and *Mr. Tom A. Renick,* for appellant.

*Mr. Ray W. Davis* and *Mr. Emmitt L. Crist,* for appellees.

McCURDY, J. The plaintiff filed its petition in the Court of Common Pleas seeking an injunction to prevent the defendants from transferring Muhlenberg Township Rural (Centralized) School District to Monroe Township Rural (Centralized) School District and in any manner taking possession of or interfering with the plaintiff in the operation of its centralized school district. The material allegations of the petition are that on the 6th day of April, 1912, by a vote of the

electors the Muhlenberg Township Rural School District became centralized; that at no time since such centralization has this district been decentralized by a vote of the qualified electors; that a petition has not been filed with the defendant, the Pickaway County Board of Education, signed by two-thirds of the qualified electors of the school district petitioning for a transfer from Muhlenberg Township Rural (Centralized) School District to Monroe Township Rural (Centralized) School District in compliance with Section 4727, General Code; and that the defendant, the Pickaway County Board of Education, without obtaining jurisdiction by petition as provided in Section 4727, General Code, is attempting to illegally transfer the Muhlenberg district to the Monroe district, and on the 7th day of June, 1939, passed a resolution for the transfer of the district pursuant to the provisions of Section 4692, General Code. A copy of the resolution is set forth together with the action of the county board thereon. Other acts of the defendants are alleged to have been taken in compliance with the provisions of Section 4692, General Code, together with allegations of an attempt by the defendants to take possession of the property and assets of the district; that the defendants are without legal authority to make a transfer of the school territory as set forth in a resolution of June 7, 1939; that the plaintiff has no adequate remedy at law; and that the defendants will unless restrained by an order of this court carry into effect their illegal purposes. The defendants filed a demurrer to this petition which was sustained by the Court of Common Pleas on the ground that the petition did not state facts which show a cause of action and that the plaintiff had not the legal capacity to sue. The plaintiff, not desiring to plead further, perfected its appeal to this court on questions of law.

The principal question which arises upon demurrer to the petition is whether the provisions of Section

4692, General Code, vesting in the county board of education the authority to transfer part or all of a school district of the county school district to an adjoining district or districts of the county school district, is applicable to a centralized school district or whether Section 4727, General Code, is controlling.

That part of Section 4692, General Code, relating to the problem reads as follows:

"The county board of education may transfer a part or all of a school district of the county school district to an adjoining district or districts of the county school district."

Section 4727, General Code, provides:

"When the schools of a rural school district have been centralized such centralization shall not be discontinued within three years, and then only by petition and election, as provided in Section 4726. If at such election more votes are cast against centralization than for it, the division into subdistricts as they existed prior to centralization shall thereby be reestablished. Nothing in this or the foregoing sections, namely, Sections 4726 and 4726-1, shall prevent a county board of education upon the petition of two-thirds of the qualified electors of the territory petitioning for transfer, from transferring territory to or from a centralized school district, the same as to or from a district not centralized."

An examination of the early statutes on this subject discloses that Section 3927-2, Revised Statutes, passed in 1900 by the Legislature, provided for the centralization of township schools, and that in May 1902 the Legislature amended these statutes to provide for decentralization. And in the same act the Legislature added Section 3927-9, Revised Statutes, providing for the transfer of territory from a centralized district. Other legislative action was later taken, and we find the original Section 4727, General Code (1910), read as follows:

"When the schools of a township have been centralized such centralization shall not be discontinued within three years, and then only by petition and election, as herein required. If at such election more votes are cast against centralization than for it, the division into subdistricts as they existed prior to centralization shall thereby be reestablished at the next regular election and subdistrict directors shall be elected, as herein provided."

In 1918 the Supreme Court of Ohio construed Section 4727, General Code, with Section 4696, General Code, in the case of *State, ex rel. Snapp*, v. *Goul*, 97 Ohio St., 259, 119 N. E., 824, and held that:

"The provisions of Section 4727, General Code, * * * constitute an exception to the provisions of Section 4696, General Code. Otherwise the county board of education would be required upon the petition of seventy-five per cent of the electors of a specified portion of a rural school district to transfer such territory to another county, even though such transfer would effect a decentralization of the schools, which is prohibited by the clear and express provisions of Section 4727, General Code."

Following this decision the Legislature in 1919 (108 Ohio Laws [Pt. 1], 235), amended Section 4727, General Code, and made this addition to the provisions:

"Nothing in this or the foregoing sections, namely, Sections 4726 and 4726-1, shall prevent a county board of education upon the petition of two-thirds of the qualified electors of the territory petitioning for transfer, from transferring territory to or from a centralized school district, the same as to or from a district not centralized."

Following this amendment we find the Supreme Court again construing Sections 4727 and 4696, General Code, in the case of *State, ex rel. Darby*, v. *Hadaway*, 113 Ohio St., 658, 150 N. E., 36, wherein the court held:

"1. The mandatory provisions of Section 4696, General Code, have no application to centralized school districts.

"2. Under the provisions of Section 4696, General Code, and of Section 4727, General Code, as amended April 16, 1919, * * * a board of education of a county school district is authorized to transfer territory from a centralized school district to another district upon the petition of two-thirds of the qualified electors of the territory sought to be transferred, but it is not required to make such transfer, though the petition therefor be signed by seventy-five per cent of such qualified electors."

It has been urged by the defendant that the construction by the Supreme Court of Section 4696, General Code, in its relation to Section 4727, General Code, can have no application to Section 4692, General Code. We can find no valid distinction. The self-same principle presents itself in each instance. Both Section 4692 and Section 4696, General Code, provide for the transfer of a part or all of a school district of the county school district. While different procedures are specified and different territories may be affected it does not change the situation of general provisions of transfer being inapplicable to centralized districts. Whether the proposed transfer is initiated by the electors under the provisions of Section 4696, General Code, or by the county board of education itself under the provisions of Section 4692, General Code, cannot in any measure change the nature of construction and the effect of the provisions of Section 4727, General Code.

It has been urged that since Section 4692, General Code, became effective in its present form in 1935 it supersedes Section 4727, General Code, and for that reason is controlling. This position was taken by the trial court in sustaining the demurrer but with this position we cannot agree. Section 4692, General Code,

was not originally enacted in 1935. An examination of the legislative history clearly shows that this section was in effect prior to that time and was in full force and effect at the time of the Supreme Court decisions to which we have referred along with Section 4696, General Code. Prior to 1935 Section 4692, General Code, read exactly as it does today except for the addition thereto of the provisions for city school districts. In the *Darby case, supra,* at pages 660 and 661, the Supreme Court in its opinion, following a reference to the *Snapp case, supra,* and its construction, states:

"Thereafter, pursuant to a very apparent legislative policy, or at least a manifest tendency to vest in county boards of education greater powers and wider discretion, and particularly to confer upon them authority with reference to the transfer of territory from a centralized district, which this court had declared under existing statutes they did not possess, Section 4727, General Code, was so amended as to provide that 'nothing in this or the foregoing sections, namely Sections 4726 and 4726-1, shall prevent a county board of education, upon the petition of two-thirds of the qualified electors of the territory petitioning for transfer, from transferring territory to or from a centralized school district, the same as to or from a district not centralized' it is to be observed that the terms of this statute, as amended above, are permissive only, and that whereas the board was theretofore precluded from transferring territory from such district that prohibition is now removed and the board *may* make such transfer provided two-thirds of the qualified electors of the territory petitioned therefor."

This language is applicable to the construction of Section 4692 with Section 4727. The amendment of 1935 of Section 4692 has no bearing whatever on the question involved and cannot in any manner affect the provisions of Section 4727. The doctrine of the *Darby case, supra,* is decisive of the case at bar, and under

the reasoning of that case we must conclude that the provisions of Section 4692, General Code, have no application to centralized schools and the provisions of Section 4727, General Code, constitute an exception thereto. The only authority of the county board of education to transfer territory from a centralized school district is conferred by Section 4727, General Code, wherein the board may make such transfer provided two-thirds of the qualified electors of the territory petition therefor. In the instant case the plaintiff's petition contains a clear allegation to the effect that the board proceeded to transfer under authority of Section 4692, General Code, and ignored the provisions of Section 4727, General Code. A good cause of action was thereby stated and the demurrer in this regard must be overruled.

The second ground of the demurrer was predicated upon the first. The first ground not having been well taken the second ground is without merit and should be overruled.

*Judgment reversed.*

BLOSSER, P. J., and GILLEN, J., concur.