[Civ. No. 13560.  First Dist., Div. Two.  Feb. 24, 1948.]

L. INGRAHAM, as Administratrix, etc., et al., Appellants, v. ED. SMITH et al., Respondents.

Geo. Ingraham for Appellants.

Arthur T. MacDonald and Wilson E. Cline for Respondents.

NOURSE, P. J.—Plaintiffs sued in unlawful detainer under an oral lease. Defendants countered with a plea of possession under a written contract of sale and of the performance of all conditions on their part. Judgment followed a trial by the court decreeing that plaintiffs were not entitled to restitution, that no rent was due them, and that they were entitled to no relief. The appeal is on a settled statement.

The property came to plaintiff Crutchfield through the estates of Ira Wise and Emma Wise. Prior to distribution Crutchfield, through his attorney in fact George Ingraham executed a written contract to sell to defendants calling for payment of $500 and a balance of $1,100, payable $50 a month, with the stipulation that these instalment payments should be suspended until the seller should give notice of distribution from the estate of Emma Wise. The contract of sale was executed in January, 1945. After the commencement of this action distribution to plaintiff Crutchfield was made in both estates.

■ Appellants first raise the point that there was no competent proof that George Ingraham was attorney in fact for Crutchfield. Appellant L. Ingraham and her counsel George Ingraham testified that he was such, and George Ingraham testified that he had the power to execute the contract. It does not appear that they made any objection to their own testimony. If this evidence was incompetent to prove the fact of agency it was nevertheless sufficient and is not now subject to objection. It is the general rule that incompetent evidence admitted without objection is sufficient to support a finding (*Powers* v. *Board of Public Works,* 216 Cal. 546, 552 [15 P.2d 156], and cases cited); and this includes oral testimony in a case covered by the statute of frauds (*Howard* v. *Adams,* 16 Cal.2d 253 [105 P.2d 971, 130 A.L.R. 1003]).

■ Appellants argue that there was no offer by respondents to pay the instalments under the written contract. There are two answers. The attorney in fact for Crutchfield (who was the only party plaintiff in interest at the time of trial) testified that counsel for respondents offered to perform and that he rejected the offer. The same witness testified that he informed counsel for respondents that he was unable to convey. Appellant Crutchfield has at no time repudiated the agency of Ingraham and he cannot now assert a default because of respondents' nonperformance.

■ Since the judgment did not order specific performance of the contract of sale, appellants were not hurt by the

supplemental answer or the finding that appellant Crutch-field was the owner in fee of the entire estate. This is the more evident because of counsel's stipulation that those facts were true.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.