CONLEY, J.
 

 This is an appeal by M. Kashian and A. Shuklian from a judgment for $1,000 which the trial court granted to the plaintiff against the two appellants and a third defendant who has not appealed, Aram Joseph, Jr., as executor of the estate of Aram Joseph, also known as Aram Hovsepian.
 

 The evidentiary record on appeal consists of a settled state
 
 *Supp. 881
 
 ment, prepared under rule 7 of the Rules on Appeal from Municipal Courts in Civil Cases, instead of a reporter’s transcript.
 

 At the outset, the respondent moved for a dismissal of the appeal (rule 4, Revised Appellate Department Rules; rule 13(c), Rules on Appeal from Municipal Courts in Civil Cases), urging that the settled statement of facts is fatally defective because it does not recite that any exceptions were taken by appellants, and because it does not set forth the “points upon which this appeal is predicated.”
 

 The settled statement of facts provided for by rule 7 is not a bill of exceptions, but a substitute for a reporter’s transcript; it is not necessary for an appellant to enumerate his exceptions therein, unless such exceptions actually were taken as part of the oral proceedings at the trial. Respondent’s claim that the settled statement is ineffective because it does not contain a list of points to be raised on the appeal is equally without merit. Rule 7 is clear: if the settled statement covers all of the proceedings, there is no necessity of stating the points to be raised by appellants. It is only when an appellant proposing a settled statement desires a partial or restricted statement of the record, that he must enumerate the points he desires to raise on the appeal, and if he does so, he cannot later urge any additional points. When an appellant purports to incorporate an account of all of the evidence in his proposed settled statement and thus tenders a complete record in condensed form, there is no requirement that his points on appeal be set forth in the statement.
 

 Exceptions, orally noted during a trial, or deemed to have been taken by virtue of the provisions of section 647 of the Code of Civil Procedure are still essential to the successful prosecution of any appeal. In this action the appellants do not claim that the trial court erred in ruling on the admissibility of evidence; they make one point only— that the evidence is not sufficient to justify the judgment. Section 647 of the Code of Civil Procedure reserves an exception to the “final decision in an action,” and the appellants are thus entitled to raise the only point uged by them on this appeal.
 

 Turning to the case on its merits, the record shows that one Lahab Singh was arrested by the federal authorities and charged with being an alien who had illegally entered the United States; his bail was fixed in the sum of $1,000 and
 
 *Supp. 882
 
 through Aram Joseph he arranged to secure a bail bond with the appellants herein as sureties; his friend, B. Ishar Singh, helped him by depositing with Aram Joseph $1,000 in cash as security for the sureties furnishing the bond. Lahab Singh testified that he was present in Aram Joseph’s office in Fresno on a later occasion when the plaintiff herein, Samond Singh, paid $1,000 to B. Ishar Singh and became substituted to the rights of B. Ishar Singh to the $1,000 theretofore placed with Mr. Joseph. At that time, Aram Joseph issued a receipt to Samond Singh for $1,000, signing the receipt “Mike Kashian and A. Shuklian by Aram Joseph.” The witness testified that two Armenian gentlemen were present in the room at the time; he specifically identified M. Kashian as one of them. The Armenians talked at times in the Armenian language and the witness did not know what they were saying; they talked together but did not talk with him. Bisant Singh, another witness, testified “that the said Aram Joseph mentioned the fact that M. Kashian and A. Shuklian were his partners. ’ ’
 

 The record shows that Samond Singh deposited the money with Aram Joseph and that he has not been repaid; that while the bail bond was outstanding, three checks were given to Joseph totaling $200 as premiums for the property bond furnished to Lahab Singh. After the charges against Lahab Singh were dismissed, B. W. Gearhart, as attorney for plaintiff, made demand upon Kashian and Shuklian for the return of $1,000; Kashian denied liability, but Shuklian did not answer his letter.
 

 The defendants, Kashian and Shuklian, called as witnesses for the plaintiff under the provisions of section 2055 of the Code of Civil Procedure, testified that they were landowners and that they had furnished the property bond in question as a favor to their friend, Aram Joseph; that they received no portion of the $1,000 and were not paid any part of the premium money by Joseph; Shuklian testified that on the date of the alleged meeting he was not in Fresno but was returning from a trip to South America. This latter fact was attested also by Anna Shuklian, his wife. Both of the appellants testified that they had never been partners of Aram Joseph, and that they did not know anything about his receiving money as collateral security for the bail bond or as premiums for the bond. They both denied that they had received any consideration for executing the bond and stated that they had never authorized Joseph to sign their names, and had
 
 *Supp. 883
 
 never issued a power of attorney to Mm TMs testimony of the defendants called under the provisions of section 2055 of the Code of Civil Procedure is, of course, not binding upon the respondent
 
 (Smellie
 
 v.
 
 Southern Pac. Co.,
 
 212 Cal. 540, 555 [299 P. 529]).
 

 In order to make good their point on appeal, appellants must show that there is no substantial evidence in the record which would justify the decision against them. Giving the respondent the benefit of all favorable evidence, including inferences that may be reasonably drawn from the testimony
 
 (Mastrofini
 
 v.
 
 Swanson,
 
 114 Cal.App.2dSupp. 848, 850 [250 P.2d 764]), we are presented with the following factual situation: a bail broker, Joseph, arranges for the execution of a property bond by Kashian and Shuklian in the sum of $1,000 to free Lahab Singh from custody under a federal charge; to secure the two sureties on the bail bond, a friend of Lahab Singh, one B. Ishar Singh, deposits $1,000 in cash with the broker; while the charge is still pending and the bond is outstanding, arrangement are proposed for a substitution of Samond Singh’s cash for B. Ishar Singh’s deposit as the continuing security for the two sureties on the bond; the parties meet at Joseph’s office; Joseph states, in the presence of Kashian and Shuklian and the plaintiff and his friends, that he, Kashian and Shuklian are partners; the “partners” make no denial; in the presence of Kashian and Shuklian, Joseph delivers a receipt for $1,000 to Samond Singh signed “Mike Kashian and A. Shuklian by Aram Joseph” (Plaintiff’s Exhibit 1); it is a reasonable inference that the plaintiff, having been present where these occurrences happened, relied upon the representations so made and paid over his money to the defendants under the belief that Joseph had authority to act for the appellants, as their partner, or otherwise.
 

 As findings of fact were waived, it is not apparent what the specific view of the trial judge was with respect to the nature of the authorization—whether he was of the opinion that the foregoing facts constituted evidence of agency, which was incidental to the existence of a partnership (Corp. Code, § 15009, subd. (1)), or evidence of an estoppel to deny a partnership (Corp. Code, § 15016). If there is substantial evidence to support either of these theories, the judgment must be affirmed
 
 (Mastrofini
 
 v.
 
 Swanson, supra).
 

 Appellants argue that prima facie proof of a partnership must be made before there can be evidence of an extra
 
 *Supp. 884
 
 judicial statement of one party that other persons were his partners; this is unquestionably the general rule.
 
 (Milstein
 
 v.
 
 Sartain,
 
 56 Cal.App.2d 924 [133 P.2d 836]). But no objection was made at the trial to the evidence given by the witness, Bisant Singh, that .Joseph stated that he was a partner of the appellants, and such evidence became competent to support the judgment when it was admitted without objection
 
 (Ingraham
 
 v.
 
 Smith,
 
 83 Cal.App.2d 807 [189 P.2d 721];
 
 Powers
 
 v.
 
 Board of Public Works,
 
 216 Cal. 546, 552 [15 P.2d 156]). Besides, the statement was made in the presence of the appellants and was, therefore, admissible against them even if an objection had been urged (Blumen
 
 thal
 
 v.
 
 Greenberg,
 
 130 Cal. 384, 388 [62 P. 599]).
 

 Appellants further contend that estoppel cannot be considered because it was not pleaded
 
 (Dodd
 
 v.
 
 Tebbetts,
 
 198 Cal. 333, 340 [244 P. 1081]). Ordinarily, if an opportunity is afforded to a party to allege estoppel in his pleadings, he must do so; but if estoppel, not having been pleaded, is established by the evidence, a failure to object to such evidence results in a waiver on appeal of the point that the pleadings are not sufficient
 
 (Flandreau
 
 v.
 
 Downey,
 
 23 Cal. 354;
 
 Chain
 
 v.
 
 Ehrman,
 
 92 Cal.App. 334, 337 [268 P. 438];
 
 Carpy
 
 v.
 
 Dowdell,
 
 115 Cal. 677, 688 [47 P. 695]). We, of course, cannot and do not pass on the credibility of the witnesses or the weight of the evidence; that is the sole right of the trier of fact. But, in our opinion, there is substantial evidence to support the judgment against appellants either on the theory of actual authority or on the theory of estoppel.
 

 The motion to dismiss the appeal is denied. The judgment is affirmed.
 

 Shepard, P. J., and Kellas, J., concurred.