[S. F. No. 19926. In Bank. June 6, 1958.]

PAO CH'EN LEE et al., Respondents, v. JAMES GREGORIOU et al., Appellants.

504

James C. Purcell, Michael Riordan and S. Lee Vavuris for Appellants.

Gordon Campbell and Patricia Lane for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before the court without a jury in an action to recover damages for fraudulent misrepresentation, defendants appeal.

The trial court found, supported by substantial evidence, that plaintiffs bought a two-story house and lot from defendants in reliance on their fraudulent *oral* misrepresentation that they did not intend ever to build on an adjoining lot (owned and retained by defendants) so as to obstruct plaintiffs' view; that defendants thereafter built a one-story extension to the house on their lot, obstructing plaintiffs' view from the lower story; and that plaintiffs suffered damage in the sum of $4,900.

Defendants contend:

■ *First*: *The trial court committed error in making an order permitting the filing of the first amended complaint without notice to defendants, since a demurrer had been filed to the original complaint and not ruled upon.*

This contention is devoid of merit. After the amended complaint was filed, defendants filed an answer thereto and went to trial without making any objection. The error, if any, was thus waived by defendants. (*Cf. McClure* v. *Donovan,* 33 Cal.2d 717, 731 [12] [205 P.2d 17]; *Baker* v. *Southern Calif. Ry. Co.,* 114 Cal. 501, 505 [46 P. 604].)

■ *Second*: *The judgment is void because the trial court, without notice to defendants, changed its findings of fact in material particulars.*

This contention is likewise devoid of merit for the reason that the record fails to show that the trial court amended its findings after they had been signed and filed.

Plaintiffs state in their brief that there were no other findings signed or filed by the trial judge. This contention is not contradicted by defendants. Therefore, we assume that defendants concede the correctness of plaintiffs' statement and that the alleged error does not exist. (*Blanton* v. *Curry,* 20 Cal.2d 793, 810 [129 P.2d 1]; *H. Moffat Co.* v. *Rosasco,* 119 Cal.App.2d 432, 443 [13] [260 P.2d 126]; *Castriotis* v. *Cummins,* 93 Cal.App. 654, 656 [269 P. 1115].)

■ *Third*: *The evidence fails to show that plaintiffs suf-*

*fered any damage and thus the finding of the trial court to the
contrary is not sustained by the evidence.*

This contention is also untenable. The purchase price of the
property was $25,500, including some furniture. Deducting
the value of the furniture, the court found the value of the
real property at the time of the purchase, with an unobstructed
view, to be $24,900. A witness testified that the value of the
property after the view was obstructed was $20,000. This
evidence supports the trial court's finding that plaintiffs suf-
fered damages in the sum of $4,900. (See *Primm* v. *Primm,*
46 Cal.2d 690, 693 [1] [299 P.2d 231].)

 *Fourth: Plaintiffs did not suffer any damage, because
during the trial a son of defendant Mrs. Gregoriou offered in
open court to purchase the property for $26,000 and tendered
a cashier's check for $10,000 in part payment.*

The check and offer were properly received as evidence of
the present value of the property. (*County of Los Angeles* v.
*Faus,* 48 Cal.2d 672 [312 P.2d 680].) However, it was not
conclusive on the court, since the weight of such evidence and
the bona fides of the offer were questions of fact for the
determination of the trier of fact. (*Muller* v. *Southern Pac.
Branch Ry. Co.,* 83 Cal. 240, 243 [23 P. 265].) In the instant
case the trier of fact may well have concluded, in view of the.
offeror's relationship to one of the defendants, that the offer
was a mere attempt to accomplish restitution by indirection,
thus avoiding the payment of damages for the fraud, and that
it did not represent the true value of the property.

 *Fifth: Since the promise of defendants not to build
on their property so as to obstruct plaintiffs' view was oral, it
was unenforceable (1) under the statute of frauds (Civ. Code,
§ 1624, subds. 1 and 4\*) and (2) as an attempt to vary a writ-
ten contract of the parties by parol evidence.*

In their answer defendants pleaded as a defense the
statute of frauds as set forth in section 1624, subdivisions 1

---

\*Section 1624 of the Civil Code reads in part as follows: ''The follow-
ing contracts are invalid, unless the same, or some note or memorandum
thereof, is in writing and subscribed by the party to be charged or by
his agent:

''1. An agreement that by its terms is not to be performed within a
year from the making thereof;

'' . . . . . . . . . . .
''4. An agreement for the leasing for a longer period than one year,
or for the sale of real property, or of an interest therein; and such
agreement, if made by an agent of the party sought to be charged, is
invalid, unless the authority of the agent is in writing, subscribed by
the party sought to be charged.''

and 4, of the Civil Code. However, defendants permitted proof of the oral representations to be made, without objection, by five witnesses. Also, they did not make any motion to strike this testimony.

They thus waived the right to urge on appeal error in the reception of the oral evidence, since it is settled that (1) a defendant waives his right to rely upon any provisions of the statute of frauds (Civ. Code, § 1624) by failing to (a) demur to the complaint, (b) object to the introduction of testimony to prove the oral agreement at the time of trial, or (c) make a motion to strike such testimony (*Howard* v. *Adams,* 16 Cal.2d 253, 257 [4] [105 P.2d 971, 130 A.L.R. 1003]; *Nunez* v. *Morgan,* 77 Cal. 427, 432 [19 P. 753]; *Coleman* v. *Satterfield,* 100 Cal.App.2d 81, 83 [223 P.2d 61]; *Aaker* v. *Smith,* 87 Cal. App.2d 36, 43 [7] [196 P.2d 150]; *Ingraham* v. *Smith,* 83 Cal.App.2d 807, 808 [1] [189 P.2d 721]) and (2) the admission of parol evidence to vary or add to a written instrument cannot be objected to for the first time in the appellate court (*Jacoby* v. *Wolff,* 198 Cal. 667, 676 [3] [247 P. 195]; *Nunez* v. *Morgan, supra; Graham* v. *Smither,* 53 Cal.App.2d 701, 706 [5] [127 P.2d 1024]; *Palm* v. *Smither,* 52 Cal.App.2d 500, 507 [6] [126 P.2d 428]; *Bonner* v. *Finney,* 110 Cal.App. 518, 521 [2] [294 P. 466]; *Tennant* v. *Wilde,* 98 Cal.App. 437, 441 [2] [277 P. 137]; *Anthony* v. *Crocker First Nat. Bank,* 95 Cal.App. 347, 350 [2] [272 P. 767]; *Inner Shoe Tire Co.* v. *Tondro,* 83 Cal.App. 689, 693 [2] [257 P. 211]; *Caine* v. *Polkinghorn,* 54 Cal.App. 387, 390 [1] [201 P. 936]; *McComish* v. *Kaufman,* 43 Cal.App. 507, 510 [3] [185 P. 476]). Any statements in *Lifton* v. *Harshman,* 80 Cal.App.2d 422 [182 P.2d 222], to the contrary are disapproved.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., and Spence, J., concurred.

Traynor, J., concurred in the judgment.