[Civ. No. 20165.   First Dist., Div. Two.   Oct. 1, 1962.]

LEE B. WILSON, Plaintiff and Respondent, v. CHARLES E. ANDERSON, Defendant and Appellant.

Hale McCowen, Jr., for Defendant and Appellant.

Leo M. Cook for Plaintiff and Respondent.

KAUFMAN, P. J.—In this appeal from a money judgment rendered on an oral third party beneficiary contract, the appellant contends that: (1) the evidence does not establish the alleged agreement; (2) lack of consideration; and (3) the agreement is barred by the statute of frauds. We have concluded that there is no merit in any of these contentions.

The record reveals the following: Appellant and respondent are duly licensed real estate brokers in the County of Mendocino. On April 26, 1956, respondent was employed by Mr. and Mrs. Buck to sell their ranch, pursuant to a written agreement which was renewed and extended from time to time, and was in full force and effect from April 26, 1956, to August 26, 1957. Shortly thereafter, the appellant and respondent verbally agreed that they would cooperate as brokers in the sale of the ranch and that in the event that the appellant obtained a purchaser, the commission would be divided between them, two thirds and one third respectively. This oral agreement was in full force and effect during the period that the Bucks had listed the property with the respondent. In the summer of 1957, appellant showed the ranch to the Guntley Brothers. In December 1957, appellant sought a written contract from the Bucks to employ him as a broker. However, the Bucks were reluctant to enter into such an agreement because of their previous agreement with the respondent. The appellant then orally promised the Bucks that in consideration of their employment of him to sell the ranch, he would pay the respondent one third of the commission if he sold the ranch to any party to whom he had shown the property while the listing with the respondent was in effect. In reliance on this promise of the appellant, the Bucks entered into a written contract, employing the appellant as broker. On May 14, 1958, appellant sold the property to the Guntley Brothers and received a commission of $4,700. The trial court

found the facts substantially as stated above, and concluded that the respondent was entitled to his commission on the basis of the oral agreement between the appellant and the owners.

The first contention on appeal is that the evidence does not support the findings, and that the findings are based on evidence introduced in violation of the parol evidence rule. We cannot agree with appellant's contention that the evidence relating to the appellant's promise to pay one third of the commission to the respondent violated the parol evidence rule as the written listing agreement between the owners and the appellant did not contain this provision. A collateral oral agreement may be shown where it is not inconsistent with the terms of the written agreement (*Simmons* v. *California Institute of Technology,* 34 Cal.2d 264, 274 [209 P.2d 581]). Also, as no objection was made to this evidence below, it has therefore been waived (*Pao Ch'en Lee* v. *Gregoriou,* 50 Cal.2d 502, 506 [326 P.2d 135]). We have examined the record and can only conclude that the findings are amply supported therein. There is no question that the respondent was the creditor beneficiary of the agreement between the appellant and the owners (1 Witkin, Summary of Cal. Law, § 207, p. 237).

The next contention is that the oral third party beneficiary agreement between the owners and the appellant was not supported by consideration. The uncontroverted evidence, however, establishes that the owners entered into the written agreement with the appellant in reliance on appellant's promise. The record also indicates that appellant made no request for a special finding on the issue of consideration as required by section 634 of the Code of Civil Procedure.

The final contention on appeal is that the alleged agreement is barred by the statute of frauds. However, as stated in *Goossen* v. *Adair,* 185 Cal.App.2d 810 [8 Cal.Rptr. 855] at p. 819: "There is no doubt that real estate brokers may make valid and enforceable oral contracts for the division of commissions between themselves and that the provisions of Civil Code, section 1624, subdivisions 4 and 5, and Code of Civil Procedure, section 1973, subdivision 5, requiring agreements authorizing or employing an agent or broker to sell real estate to be reduced to writing, are for the protection of real estate owners against unfounded claims of brokers; and were never intended to be applied to contracts between brokers agreeing to share commissions. (*Johnston* v. *Porter,* 21 Cal.

App. 97 [131 P. 69].)'' We think the same reasoning applies to the instant situation.

No prejudicial error appearing in the record before us, the judgment must be affirmed.

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.

A petition for a rehearing was denied October 17, 1962.