[Civ. No. 21459.    First Dist., Div. Three.    Sept. 28, 1964.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Appellant, v. JACK KAWA-MOTO et al., Defendants and Respondents.

Harry S. Fenton, Holloway Jones, Jack M. Howard, James T. Johnson and Richard S. Levenberg for Plaintiff and Appellant.

Malovos, Mager & Chasuk, Alfred P. Chasuk and Orville C. Casteel for Defendants and Respondents.

DRAPER, P. J.—In this eminent domain proceeding, judgment on jury verdict was for $140,000. Motion for new trial was denied. Plaintiff appeals from the judgment.

Defendants' experts fixed value of the property taken at $145,000 and $142,000, and the owner at $160,000. The state's experts testified to values of $97,000 and $96,500. The nearness of the jury figure to those of the owners' witnesses doubtless motivated this appeal, but appellant concedes that the judgment is within the range of the appraisals, and thus supported by evidence. The attack is upon rulings on admissibility of evidence.

Near the close of one trial day, plaintiff's counsel, cross-examining defendants' expert Lee, asked about a sale to Ferry-Morse Seed Co. made in June 1959. The witness stated that sale price, and said that he had not considered it in reaching his own valuation, but would be "more interested" in a sale two years later by Ferry-Morse to the state. He had been unable to learn the price of that sale, but admitted that it "might" affect his opinion. The following morning, on resuming cross-examination, plaintiff's attorney returned to this subject. The witness reaffirmed that he had no information as to sale price. Counsel commenced a question "Well, if you knew they paid . . . ," and defendants objected that it was a sale to "a condemning authority." In the course of argument on this objection, the court twice said the sale would not be admissible "if it is not a sale on the open market," the objection was sustained, and the court said it would not permit the inquiry "because it is a sale to the state under threat of condemnation." Plaintiff argues that cross-examination was erroneously limited.

" '[E]vidence of the price paid [by the condemner] should come in if the condemner can satisfy the judge that the price paid was sufficiently voluntary to be a reasonable index of value' " (*County of Los Angeles* v. *Faus*, 48 Cal. 2d 672, 679 [312 P.2d 680], quoting with approval from McCormick on Evidence).

The trial court's comments alerted plaintiff to the need to show that the price was agreed upon voluntarily and without compulsion. Plaintiff neither attempted nor offered to meet this issue, although the burden was clearly upon it to do so. Moreover, the cross-examination had served its full purpose of showing that the witness had not considered this sale, and that he did not know of its price. No amount of further questioning could secure evidence of price from him. The real objection is that counsel, who had not been sworn, was not permitted to state the price. Since *Faus* was decided in 1957, evidence of comparable sales has been admissible on

direct. When counsel are agreed on price and details, time will be saved by permitting statement of price in "questions" by counsel on cross-examination. But objection points up the fact that necessity no longer supports such a practice. Thus the court properly sustained the objection here. In any event, no prejudice is shown. The record nowhere reveals what the sale price in fact is claimed to be, and we cannot speculate as to its possible effect. After this incident, plaintiff presented its own valuation case, but did not refer to this sale.

The experts supported their valuations by evidence of a large number of other sales. Plaintiff now asserts that several of those testified to by defense appraisers were inadmissible because the properties sold were not in fact comparable to that of defendants.

■ Evidence of prices paid on other sales is admissible if the sale is near enough in time, and the lands "sufficiently alike in respect to character, situation, usability, and improvements, to make it clear that the two tracts are comparable in value and that the price realized for the other land may fairly be considered as shedding light on the value of the land in question" (*County of Los Angeles* v. *Faus, supra,* 48 Cal.2d 672, 678).

"Manifestly, the trial judge in applying so vague a standard must be granted a wide discretion" (*id.*; see also *People ex rel. Dept. of Public Works* v. *Murata,* 161 Cal.App.2d 369, 375 [326 P.2d 947]).

We have reviewed the transcript in detail, and find no abuse of discretion by the trial court in admission of evidence of other sales. Moreover, in some cases the evidence attacked on appeal went in without objection, or over objections not raising the specific issues argued here. We find no reversible error.

■ The trial court did err in refusing to strike a nonresponsive answer of witness Lee as to his sale number 10. The witness stated that an offer of $52,000 had been made for the property. It developed that the "offer" was at most but an option, and that the witness had no idea of the amount paid for it, the name of the optionee, or other details. The testimony should have been stricken. But we find no prejudice. In fact, the witness himself valued this same property at only $28,000, thus largely removing the sting of his volunteered statement. In view of the length of the trial and the

great number of comparable sales in evidence, we are unable to say that this brief testimony affected the result.

Evidence of two agreements for sale was properly admitted, although in one case escrow had not yet been closed, and in the other there was indication that buyer was about to accede to seller's request to withdraw from the transaction. Actual consummation of sale is not an essential. (*County of Los Angeles* v. *Faus, supra,* 48 Cal.2d 672; and see *Pao Ch'en Lee* v. *Gregoriou,* 50 Cal.2d 502 [326 P.2d 135] ; *Los Angeles City High School Dist.* v. *Kita,* 169 Cal.App.2d 655, 663 [338 P.2d 60]). As to each item here questioned, the trial judge inquired about the stage of completion of the transaction, and was satisfied that it showed some evidence of market value.

Judgment affirmed.

Devine, J., and Salsman, J., concurred.

A petition for a rehearing was denied October 22, 1964.