[Civ. No. 58390. Second Dist., Div. Five. Nov. 25, 1980.]

HENRY J. GRANT, Plaintiff and Appellant, v.
LARRY R. MARINELL, Defendant and Respondent.

COUNSEL

Rodney T. Lewin and Max Fink for Plaintiff and Appellant.

Alan M. Levenstein for Defendant and Respondent.

OPINION

KAUS, P. J.—Plaintiff appeals from an order dismissing his action after a demurrer to his first amended complaint was sustained without leave to amend. He contends that the trial court erred in holding that his complaint for breach of an oral contract was barred by the statute of frauds.

The facts alleged are these: In July, 1975, plaintiff entered into an oral agreement with defendant, a licensed real estate broker, under the terms of which plaintiff was to introduce defendant to parties interested in securing the services of a real estate broker. It was agreed that if defendant's employment as a broker should result from any such introductions, defendant would pay plaintiff, as a finder's fee, 10 percent of

any income defendant received. Plaintiff introduced defendant to two prospects and claimed that the introductions resulted in income to defendant totaling $63,800. When defendant refused to pay the promised finder's fee, plaintiff sued to enforce the alleged oral agreement. Defendant demurred on the ground that plaintiff's complaint was barred by the statute of frauds (Civ. Code, § 1624, subd. 5.)[1] After affording plaintiff a chance to redraft his complaint, the trial court sustained defendant's demurrer without leave to amend.

On this appeal plaintiff contends that Civil Code section 1624 subdivision 5 does not apply to a simple finder's fee agreement such as was alleged in this case. Plaintiff asserts that the section only covers oral contracts for services within the ambit of a licensed real estate broker's regular duties. As plaintiff points out, one need not be a licensed real estate broker to act as a finder. (See *Tyrone v. Kelly* (1973) 9 Cal. 3d 1, 8 [106 Cal.Rptr. 761, 507 P.2d 65].)

■ We agree with plaintiff that the judgment must be reversed, but base our decision on reasoning slightly different than his: we have concluded that the agreement as alleged did not fall within the purview of Civil Code section 1624, subdivision 5, because no principal, that is to say, no seller or buyer of real estate, was a party thereto.

The law is well settled that section 1624, subdivision 5 does not bar oral contracts between brokers or between brokers and salesmen to cooperate in procuring a sale or purchase of property and to share any commission earned as a result. (*Wilson v. Anderson* (1962) 208 Cal. App.2d 62, 64 [25 Cal.Rptr. 105]; *Iusi v. Chase* (1959) 169 Cal.App.2d 83, 86 [337 P.2d 79]; *Holland v. Morgan & Peacock Properties* (1959) 168 Cal.App.2d 206, 210 [335 P.2d 769].) None of the recent changes to the subdivision have changed this basic rule.

Subdivision 5—then subdivision 6—of section 1624 originally barred an oral "agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission." (Stats. 1937, ch. 316, § 2, pp. 695-696.) The purpose of the section was to pro-

---

[1]Civil Code section 1624, subdivision 5, reads as follows: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or his agent:...5. An agreement authorizing or employing an agent, broker, or any other person to purchase or sell real estate, or to lease real estate for a longer period than one year, or to procure, introduce, or find a purchaser or seller of real estate or a lessee or lessor of real estate where such lease is for a longer period than one year, for compensation or a commission;..."

tect buyers and sellers of property from unfounded claims by brokers. See *Gorham* v. *Heiman* (1891) 90 Cal. 346, 358 [27 P. 289]; *Goossen* v. *Adair* (1960) 185 Cal.App.2d 810, 819 [8 Cal.Rptr. 855]: "There is no doubt that real estate brokers may make valid and enforceable oral contracts for the division of commissions between themselves and that the provisions of Civil Code, section 1624, subdivisions 4 and 5, and Code of Civil Procedure, section 1973, subdivision 5, requiring agreements authorizing or employing an agent or broker to sell real estate to be reduced to writing, are for the protection of real estate owners against unfounded claims of brokers; and were never intended to be applied to contracts between brokers agreeing to share commissions...."

Before 1963, the so-called oral "finder's agreement," that is an agreement merely to introduce a seller of real estate to a prospective purchaser or a purchaser to a prospective buyer, was held not to be within the statute of frauds, whether such contract was made by a real estate broker or agent or by an unlicensed person. (See *Heyn* v. *Philips* (1869) 37 Cal. 529, 531; *Palmer* v. *Wahler* (1955) 133 Cal.App.2d 705, 710 [285 P.2d 8].)

In 1963, however, the Legislature amended subdivision 5 to add, inter alia, the italicized language: "An agreement authorizing or employing an agent or broker to purchase or sell real estate,... *or to procure, introduce, or find a purchaser or seller of real estate* or a lessee or lessor of real estate where such lease is for a longer period than one year, for compensation or a commission." (Stats. 1963, ch. 814, § 1 p. 1843.)

If by this amendment the Legislature intended all finder's fee agreements to come within the ambit of the statute of frauds, it failed, as was predicted in the State Bar Journal's review of 1963 legislation (38 State Bar J. 604, 649).[2] The section, as amended, was interpreted to bar only oral finder's agreements between licensed brokers or agents and sellers or purchasers of property. Subdivision 5, as revised, was still held to be inapplicable to such oral agreements by unlicensed individuals. (See *Hasekian* v. *Krotz* (1968) 268 Cal.App.2d 311, 317 [74 Cal. Rptr. 410]; *Porter* v. *Cirod, Inc.* (1966) 242 Cal.App.2d 761, 766 [51 Cal.Rptr. 784].) This anomaly resulted in the 1967 amendment (Stats. 1967, ch 52, § 1 p. 953,) which added the following italicized language:

---

[2]"If the Legislature intended to make this section of the statute of frauds apply to unlicensed 'finders' as well as to licensed brokers acting as 'finders,' its attempt may have failed, since the courts so far have refused to interpret 'broker' and 'agent' to include unlicensed 'finders.'" (38 State Bar J. 649.)

"An agreement authorizing or employing an agent, broker, *or any other person* to purchase or sell real estate...or to procure, introduce or find a purchaser or seller...."

While the 1967 amendment at last appears to put finders on a par with licensed brokers, nothing in either the 1963 or the 1967 amendments indicates a legislative intent to expand the protection of this part of the statute of frauds to any class other than the class originally intended to be benefitted—that is, purchasers or sellers of real property—or a specific intent to change the rule that oral contracts between brokers or between brokers and salesmen to share commissions are valid. An agreement by a person who is neither a buyer nor a seller, to find prospective customers for a broker in return for a finder's fee is analogous to a contract governed by the latter rule. It is not the type of agreement which Civil Code section 1624, subdivision 5 was intended to cover.

The order of dismissal is reversed.

Stephens, J., and Ashby, J., concurred.